FIRST DEPARTMENT, OCTOBER, 1977

(October 3, 1977)

■ MORRIS DAVIDOWITZ, Appellant, v DIXIE ASSOCIATES et al., Respondents.—Order, Supreme Court, New York County, entered September 21, 1976, denying plaintiff's renewed motion for leave to serve a verified second amended complaint, unanimously reversed, on the law, and the motion granted. Plaintiff-appellant shall recover of defendants-respondents $40 costs and disbursements of this appeal. Originally, plaintiff sought leave to serve a second amended complaint so as to enlarge the first cause of action for legal malpractice and to add a new third cause of action in conspiracy. Justice Kirschenbaum denied that motion on the sole ground that the third cause was insufficiently pleaded. Thereafter, plaintiff renewed the motion on a revised second amended complaint containing an amplified third cause. Justice Mangan denied the renewed motion because the plaintiff had not submitted an affidavit of merits and his attorney had not demonstrated a personal knowledge of the facts. Upon a motion for leave to amend a pleading, an attorney's affidavit cannot be accepted in lieu of a party's affidavit, unless the attorney has personal knowledge of the facts upon which the motion is based *(Leonard Hosp. v Messier,* 32 AD2d 596). In his affirmation, plaintiff's attorney indicates that he obtained knowledge of the purported conspiracy by reason of his presence at the pretrial examination of defendant Weissman and his search of the mortgage records in the Register's office. Therefore, counsel's affidavit was sufficient for purposes of this motion since it was based upon his independent knowledge of the facts. In view of the fact that the plaintiff is in Israel, counsel may now verify the revised second amended complaint. (CPLR 3020, subd [d], par 3.) The defendants do not directly challenge the legal sufficiency of the enlarged

first cause. Hence, we need not address ourselves to that cause. With regard to the third cause in the revised second amended complaint, the plaintiff has set forth with specificity, in paragraph 30 thereof, the defendants' overt acts of conspiracy and his own damages as a mortgagee flowing from the subject transactions. Thus, the plaintiff has validly pleaded a cause of action founded in conspiracy. *(Corris v White,* 29 AD2d 470.) Concur—Murphy, P. J., Birns, Markewich and Lynch, JJ.