■ EDWARD C. MCDERMOTT, JR., Respondent, v VILLAGE OF MENANDS, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered January 24, 1979, in Albany County, which granted leave to plaintiff to serve an amended complaint. Plaintiff was injured when he allegedly fell into a hole in a public sidewalk in the Village of Menands. After timely service of a notice of claim, plaintiff commenced an action against the village and others alleging negligent maintenance of the sidewalk. Neither the notice of claim nor the complaint alleged that a written notice of the defect had been served upon the village as required by CPLR 9804 and section 6-628 of the Village Law. Thereafter, the village moved to dismiss the complaint (CPLR 3211, subd [a], par 7) for failure to state a cause of action in that neither the notice nor complaint alleged compliance with the statutory mandate, a condition precedent to the maintenance of a cause of action *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). Plaintiff opposed the motion, and, in the alternative, cross-moved for leave to serve the amended complaint annexed to the moving papers. The cross motion was granted and this appeal ensued. Although plaintiff cross-moved under the proper statutory provision (CPLR 3211, subd [e]) for leave to replead in response to a motion to dismiss for failure to state a cause of action and Special Term erred in treating the cross motion as one for leave to amend the complaint (CPLR 3025, subd [b]), nevertheless, the motion for leave to serve the amended complaint should not have been granted even pursuant to the more liberal provisions of CPLR 3025. Since the gravamen of defendant movant's attack on the complaint was its failure to state that the village had received written notice of the defect, it was incumbent upon plaintiff, either in a cross motion to replead (CPLR 3211, subd [e]) or in a like motion to serve an amended complaint (CPLR 3025, subd [b]), to supply proof by affidavit that either such written notice had, in fact, been served upon the village by plaintiff or others, or, in the alternative, that such notice was unnecessary since the village had, by its own acts, affirmatively created the defect. Yet, the record is void of any affidavit by the plaintiff wherein he avers that either of these requisites obtain. Since such facts are not peculiarly within the knowledge of plaintiff's counsel, the attorney's affidavit is inadequate both to resist the CPLR 3211 motion to dismiss and as supportive of the cross motion to replead (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:64, pp 68-69; see, also, *Rovello v Orofino Realty Co.,* 40 NY2d 633). Next, the affidavit of plaintiff's attorney is also inadequate to support the cross motion for leave to serve an amended complaint under the provisions of CPLR 3025 (subd [b]) *(Leonard Hosp. v Messier,* 32 AD2d 596). Order reversed, on the law, without costs; motion granted, cross motion denied, and complaint dismissed. Mahoney, P. J., Sweeney, Main, Casey and Herlihy, JJ., concur.