■ DEAN TARRY CORP., Respondent, v STANLEY L. FRIEDLANDER et al., Constituting the Planning Board of the Village of Tarrytown, Appellants. — Judgment of the Supreme Court, Westchester County (Wood, J.), dated May 15, 1981, affirmed, without costs or disbursements. No opinion. Renewed motion to dismiss appeal as moot denied. Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.

■ MADELINE DE ROSA, as Administratrix of the Estate of VINCENT DE ROSA, Deceased, Respondent, v GUIDO J. DI BENEDETTO et al., Appellants. — In a medical malpractice action, defendants appeal from an order of the Supreme Court, Richmond County (Rubin, J.), dated August 15, 1980, which (1) granted the plaintiff's cross motion for leave to serve an amended complaint, and (2) denied the defendants' respective motions for partial summary judgment dismissing the plaintiff's second cause of action (for wrongful death), with leave to renew after service of the amended complaint. Order reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the plaintiff's cross motion for leave to serve an amended complaint is denied, without prejudice to renewal upon the submission of proper papers, and defendants' respective motions for partial summary judgment are denied, without prejudice to renewal. Plaintiff's time to renew is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. The affidavit of plaintiff's counsel does not constitute a sufficient affidavit of merits on the instant cross motion for leave to serve an amended complaint, as the facts upon which the cross motion is based do not lie peculiarly within the knowledge of the attorney (see *McDermott v Village of Menands,* 74 AD2d 661; *Leonard Hosp. v Messier,* 32 AD2d 596; see, also, *Vastola v Maer,* 48 AD2d 561, 567, affd 39 NY2d 1019). They do, however, lie within the knowledge of the plaintiff administratrix and, under the circumstances of this case and in the interest of justice, she should be afforded an opportunity to submit such an affidavit (see *Leonard Hosp. v Messier, supra*). Since defendants' motions for partial summary judgment are addressed to the allegations of the original complaint, the outcome of their applications may well be dependent upon the resolution of plaintiff's cross motion, if renewed. Accordingly, they, too, should be afforded leave to renew. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.

■ JOAN DOBROWAL et al., Respondents, v FORD MOTOR COMPANY, Appellant, et al., Defendant. — Order of the Supreme Court, Nassau County (Velsor, J.), entered February 11, 1981, reversed, on the law, with $50 costs and disbursements, and motion for summary judgment granted. (See *Fazio v Ford Motor Corp.,* 69 AD2d 896.) Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.