■ MAX SAXON, Respondent, v TUNG FOON ONG et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Composto, J.), dated July 16, 1981, which denied their motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. Both the complaint and bill of particulars specified that plaintiff's fall occurred on the public sidewalk in front of the premises known as 41-23 75th Street, Queens. In support of the summary judgment motion, defendant Tung Foon Ong submitted an affidavit in which he said that neither he nor his wife owned, "ha[d] anything to do with," or "ever had any ownership or connection with" those premises; instead, he said, he and his wife own the premises next door, adjoining the party wall separating the two premises. The only paper in opposition was the affirmation by plaintiff's attorney, who did not dispute the statement of defendant Ong, but rather alleged that plaintiff now "recalls that he fell somewhere between" the two premises. Since the fall had occurred more than three years earlier, argued counsel, "it is very likely that * * * the plaintiff fell on the [defendants'] side of the property line." Hence, asserted plaintiff's counsel, there was an issue of fact respecting where plaintiff fell. In opposing the motion for summary judgment, the affirmation of plaintiff's attorney, who was without personal knowledge of the facts, did not supply the necessary admissible evidentiary showing to resist successfully the motion (see CPLR 3212, subd [b]; *Roche v Hearst Corp.,* 53 NY2d 767, 769; *Zuckerman v City of New York,* 49 NY2d 557; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 229). Plaintiff's response to the motion was, in substance, an application for leave to amend the complaint to change the location of the accident to the sidewalk in front of premises now admittedly controlled by defendants (see CPLR 3025, subd [b]), which would moot the summary judgment motion based on a lack of control over the premises originally specified in the complaint and bill of particulars. Even were this court inclined to treat plaintiff's responsive papers as such an application, however, leave to amend could not be granted because no affidavit was submitted by anyone having personal knowledge of the pertinent facts concerning the location of the fall (see *McDermott v Village of Menands,* 74 AD2d 661; see, also, *Davidowitz v Dixie Assoc.,* 59 AD2d 659). There being no disputed issue of fact concerning the lack of defendants' control over the premises specified in the complaint and bill of particulars, summary judgment should have been granted defendants. Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.

■ YOLANDA SCATTOREGGIO, Respondent, v JOHN SCATTOREGGIO, Appellant. — Order of the Supreme Court, Nassau County (Burke, J.), entered August 17, 1981, affirmed, with $50 costs and disbursements. No opinion. Defendant's time to execute the necessary documents is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.