■ CUROTOLA BROS. TRUCKING CO., INC., Respondent, v SAVEMART, INC., Appellant. — In an action to recover damages for breach of contract, defendant appeals from so much of an order of the Supreme Court, Nassau County (Pantano, J.), entered December 28, 1981, as (1) upon reargument, adhered to its original determination denying defendant's motion for summary judgment dismissing the complaint or, in the alternative summary judgment in favor of the plaintiff in a sum of no more than $3,000 and (2) granted that branch of plaintiff's cross motion which was for leave to serve an amended complaint. Order reversed, insofar as appealed from, on the law, without costs or disbursements, the plaintiff's cross motion is denied in its entirety and upon reargument defendant's motion is granted to the extent that plaintiff is awarded summary judgment in the principal sum of $3,000. Plaintiff and defendant entered into a written agreement on June 27, 1979. Pursuant to this agreement, plaintiff, a trucking company "engaged in the trucking business as a contract carrier", agreed to provide its services to defendant, a company that sells televisions, audio equipment, air conditioners, and electrical appliances. The agreement, specifically subdivision B of section II thereof, provided, *inter alia,* that plaintiff would obtain insurance for loss and/or damage of property. The agreement also provided in section IV thereof that it was cancelable by either party at any time: "upon written notice either (a) without cause together with payment of the sum of $3,000 to the other, or (b) for cause, in which event payment shall not be required. Cancellation in either event to be immediately effective upon receipt of such notice." On February 6, 1980, defendant sent plaintiff a letter by certified mail (receipt was not denied by plaintiff) canceling the agreement, citing subdivision (b) of section IV thereof, i.e., cancellation for cause. According to defendant, the "cause" of the cancellation was plaintiff's alleged failure to obtain the requisite insurance as required by subdivision B of section II of the contract which caused defendant a $9,000 loss when its merchandise was stolen from one of plaintiff's trucks on December 15, 1979. Thereafter, plaintiff instituted the instant action to recover damages for breach of contract claiming that on February 6, 1980, "the defendant stopped the plaintiff from performing trucking services in violation of the terms of the contract * * * without justification". In its answer, defendant interposed several affirmative defenses which alleged in pertinent part as follows: "AS AND

FOR A THIRD AFFIRMATIVE DEFENSE. 6. Upon information and belief, plaintiff breached the terms and conditions of the Agreement by failing to perform properly its duties and obligations thereunder, including, but not limited to the following * * * (e) failed to procure, carry and maintain insurance during the term of the Agreement and failed to deliver to defendant evidence of insurance coverage in the form of a certificate of insurance * * * AS AND FOR A SIXTH AFFIRMATIVE DEFENSE. 14. Under the terms and conditions of the Agreement, the maximum amount for which defendant may be held liable in the event it is determined that the Agreement was terminated without cause is * * * (a) the sum of $3,000.00". The defendant then moved for summary judgment dismissing the complaint, alleging that plaintiff had failed to obtain required theft insurance, and that defendant was therefore justified in canceling the contract for cause. After plaintiff submitted evidentiary material in opposition to defendant's motion, Special Term, by order dated November 2, 1981, denied defendant's motion for summary judgment stating: "The opposing affidavit * * * raises a factual issue as to whether plaintiff had insurance coverage and more particularly whether plaintiff advised defendant that it had no coverage." Thereafter defendant moved for reargument and upon reargument, for an order granting summary judgment to it dismissing the complaint or, alternatively, for summary judgment to plaintiff in "an amount not in excess of $3,000". In support of the motion, defendant's counsel argued that it was willing to concede the truth of plaintiff's allegation that it had obtained the required insurance. Defendant's counsel further argued that, viewed from this perspective, its cancellation of the agreement was without cause and it was therefore liable to plaintiff under the express terms of the contract, for only $3,000. Accordingly, defendant's counsel argued that: "Savemart is not interested in filling this Court's calendar with a matter wherein the most that plaintiff could recover after trial was $3,000.00 and hence had included in its prayer for relief the request that an order be made permitting Curotola to enter judgment in an amount no more than $3,000.00." Plaintiff cross-moved for an order: (1) granting partial summary judgment in the amount of $3,000 "without limiting the damages to which the plaintiff is entitled to" and (2) permitting plaintiff to serve an amended complaint to add a cause of action for fraudulent inducement. By order entered December 28, 1981, Special Term granted defendant's motion for reargument and upon reargument adhered to its original determination. With respect to plaintiff's cross motion, it denied that branch which sought partial summary judgment in the sum of $3,000 and granted that branch which sought leave to amend the complaint so as to add a cause of action for fraudulent inducement. Defendant's claim, in its original motion for summary judgment, that it canceled the contract for cause, hinged on whether plaintiff had obtained the requisite theft insurance as required by the express terms of the contract. With regard to this question, an issue of fact existed on this record, and Special Term was correct in initially denying defendant's motion. However, even assuming, *arguendo,* that defendant canceled the contract without cause, the maximum liability to which it could be exposed, under the express terms of the contract, was $3,000. Under these circumstances, Special Term should have accepted defendant's later concession that it canceled the contract without cause and granted summary judgment to plaintiff in the principal sum of $3,000. With regard to that branch of plaintiff's cross motion which sought leave to amend the complaint, the affidavit of its counsel submitted in support thereof does not constitute an acceptable affidavit of merits (see *De Rosa v Di Benedetto,* 86 AD2d 648). Moreover, plaintiff failed to proffer any excuse for the lengthy delay in making the cross motion (see *Huston v Rao,* 74 AD2d 127). Accordingly, Special Term erred in granting that branch of plaintiff's cross motion. Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.