■ JOSEPH BEBERMAN et al., Doing Business as COUNTRY CLUB APARTMENTS, Plaintiffs, v MAX HALBRECHT et al., Defendants and Third-Party Plaintiffs-Respondents. ELLENVILLE DEVELOPMENT CORPORATION et al., Third-Party Defendants; FIRST NATIONAL CITY BANK et al., Third-Party Defendants-Appellants. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered June 27, 1983 in Ulster County, which denied a motion by certain third-party defendants for summary judgment dismissing the third-party complaint and granted a cross motion by third-party plaintiffs for leave to amend their third-party complaint.

The initial action brought by plaintiffs, owners of an apartment complex, sought damages from defendants, owners of an adjacent apartment complex, for the alleged connection of defendants' sewer system with and consequent use of plaintiffs' sewer system. Defendants subsequently impleaded, among others, First National City Bank and its subsidiaries, who had conveyed the apartment complex to them. First National City Bank and two other third-party defendants moved for summary judgment

dismissing the third-party complaint, asserting the terms of the sales contract with third-party plaintiffs, specifically an "as is clause, as a complete defense absent any allegation of fraud or misrepresentation in the third-party plaintiffs' complaint. The third-party plaintiffs cross-moved for leave to amend their third-party complaint to add a cause of action based on fraud and misrepresentation. Special Term granted the third-party plaintiffs leave to amend their complaint, which raised issues of fact, and, accordingly, denied the third-party defendants' motion for summary judgment. This appeal by the moving third-party defendants ensued.

The primary ground for appeal is the contention that no evidence was presented to Special Term to either defeat the third-party defendants' motion or grant the third-party plaintiffs' cross motion. The only affidavit in support of the third-party plaintiffs' position was that of their attorney. Ordinarily, an affidavit by a party's attorney who lacks personal knowledge of the facts and circumstances which would warrant granting leave to amend is insufficient for purposes of such a motion (*De Rosa v DiBenedetto*, 86 AD2d 648). However, here, the attorney's long term involvement with the sales transactions involving the subject real property as well as related litigation in another action gave him sufficient personal knowledge of the facts and circumstances to warrant granting leave to amend. Likewise, the attorney's personal familiarity with the underlying facts and circumstances involved made his affidavit in opposition to the third-party defendants' motion for summary judgment sufficient (cf. *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553). Additionally, the attorney submitted documentation in support of his affidavit (see *Dorkin v American Express Co.,* 43 AD2d 877).

CPLR 3025 (subd [b]) provides that "[l]eave shall be freely given upon such terms as may be just". While the cause of action in fraud here alleges a new theory, there is no prejudice to the third-party defendants by Special Term's grant of leave to the third-party plaintiffs to amend their complaint. The action for fraud is based upon facts already alleged in the pleadings and the third-party defendants were fully apprised of the underlying circumstances for which liability was sought to be imposed by virtue of the original third-party complaint (see *All-Boro Air Conditioning Corp. v Wales & Ward,* 92 AD2d 486). We find the third-party defendants' contentions to be without merit.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.