■ ROBERT J. DAIGLE, Respondent, v TEXAS INTERNATIONAL COMPANY et al., Appellants. — Order of the Supreme Court, New York County (Leonard N. Cohen, J.), entered October 19, 1984, modified, on the law, the facts and in the exercise of discretion, to the extent of permitting defendants to serve an amended and supplemental answer within 20 days after entry of the order herein setting forth the fourth and fifth proposed counterclaims, which also constitute the sixth and seventh proposed affirmative defenses, and except as so modified, affirmed, without costs.

Defendant Texas International Company (TIC) is the parent corporation of all of the other defendants (Downstream Subsidiaries). Its primary business is the exploration and production of crude oil and natural gas. The Downstream Subsidiaries were primarily engaged in the trading and marketing of these products. In April 1979, plaintiff was employed as president of three of TIC's subsidiaries pursuant to a written employment agreement. Plaintiff's compensation was to be computed, in part, pursuant to a formula which provided that plaintiff would receive, as "bonus compensation", a sum equal to 25% of the profit which accrued to the Downstream Subsidiaries.

In May 1983 plaintiff's employment was terminated. He contends that his termination resulted from an agreement by TIC to sell the Downstream Subsidiaries while defendants contend that the termination occurred for cause. Under the terms of the

employment agreement, all salary, bonuses, severance and accrued vacation pay were to be paid to plaintiff within 30 days after his termination. When defendants failed to make such payment, he instituted this suit in July 1983 seeking recovery of a sum in excess of $8,100,000. Issue was joined in August 1983. The answer contained affirmative defenses and three counterclaims. In sum, the first two counterclaims sought a declaration that (1) plaintiff had been discharged for cause, (2) he had failed to pay certain employees subject to his jurisdiction the bonuses due them and (3) to determine amount of compensation underpaid or overpaid to him. The third counterclaim sought a money judgment for any compensation overpaid.

Extensive discovery followed. This, defendants contend, unearthed facts which, upon investigation, disclosed that plaintiff had entered into a series of unsound and improvident transactions for the express purpose of creating the appearance of profits whereas, in fact these transactions resulted in losses, diversion of assets, waste of executive time and generated actual and threatened claims of lawsuits.

In the interim, and while discovery was still proceeding, plaintiff served and filed a statement of readiness and note of issue. Thereupon defendants moved to strike the case from the Trial Calendar on the ground that all necessary preliminary proceedings had not been completed and to amend their answer to set forth the counterclaims here in issue. Pending disposition of the motion, the parties stipulated to withdraw the motion to strike from the calendar without prejudice to renewal in the event that the motion to amend be granted.

Special Term granted the motion to amend only in part. It permitted assertion of the fourth counterclaim but only with respect to the two specific transactions which had been finally disposed of, one by settlement and one by judgment. It held that in the remaining enumerated transactions, defendants' liability had not yet been finally determined and, therefore, their inclusion in the counterclaim was improper. As to the other proposed amendments, it denied relief. We think that this was error. Hence, we modify to permit service of an amended answer setting forth the fourth and fifth proposed counterclaims.

CPLR 3025 (b) provides that leave to amend pleadings "shall be freely given upon such terms as may be just". Absent prejudice or surprise, it is an abuse of discretion, as a matter of law, to deny such leave (*Fahey v County of Ontario*, 44 NY2d 934). While it is true that the assertion of the fourth and fifth counterclaims may delay the trial of the action, there can be no final disposition of the rights and obligations of the parties

absent a disposition of the claims asserted in these counterclaims. As to these two counterclaims, amendment should have been allowed.

With respect to the sixth proposed counterclaim, amendment was properly denied. This alleged breach of a covenant not to compete. While clearly plaintiff is now engaged in the same business as the Downstream Subsidiaries, these subsidiaries had ceased doing business prior to plaintiff's entry into his present business. Accordingly, plaintiff, in engaging in his present enterprise, is not competing with the Downstream Subsidiaries. Concur — Kupferman, J. P., Ross and Bloom, JJ.

Kassal, J., dissents in part in a memorandum as follows: I dissent and would affirm the order of Special Term which denied defendants' motion for leave to serve an amended answer adding a fourth and fifth counterclaim.

In my view, the fourth and fifth counterclaims seek to inject into this action contingent liability with respect to other actions and proceedings brought by different parties against defendants in other forums. Defendants contend that if they are unsuccessful in the other litigation, there will be a corresponding decrease in the earnings and profit of the Texas International Companies, which may affect the bonus compensation to be received by plaintiff under the formula sued upon here. However, the injection into this case of these unrelated issues from the other actions and proceedings is premature, would introduce remote and speculative issues here and would unnecessarily embroil the court in issues foreign to the present suit, albeit resolution of those other proceedings could conceivably give rise to a future indemnity claim. As a result, Special Term appropriately found that the assertion of the claims here "would place defendants in the anomalous position of proving the validity of claims against them in which they are defendants in another forum", which would be inconsistent and probably prejudicial to defendants in the other actions.

While CPLR 3025 (b) establishes a broad, liberal basis to grant leave to amend, the counterclaims sought to be interposed would unnecessarily complicate this action by permitting the defendants to contend, contrary to their position in the other litigation, that these claims are valid and, if sustained, would result in plaintiff receiving less compensation than he would be otherwise entitled to under the bonus provision of the employment contract. It is well recognized that, on a motion for leave to amend, the court is required to examine the merits of the causes of action sought to be added (*East Asiatic Co. v Corash,* 34 AD2d 432). In addition, upon such a motion, it is necessary for a party

to submit supporting evidence, by affidavit that could properly be considered upon a motion for summary judgment (*Cushman & Wakefield v John David, Inc.*, 25 AD2d 133, 135; *Saxon v Ong*, 87 AD2d 867; *McDermott v Village of Menands*, 74 AD2d 661; *Davidowitz v Dixie Assoc.*, 59 AD2d 659). As we observed in *Davidowitz* (*supra*), "Upon a motion for leave to amend a pleading, an attorney's affidavit cannot be accepted in lieu of a party's affidavit, unless the attorney has personal knowledge of the facts upon which the motion is based". Here, the motion was supported solely by the affidavit of counsel and is clearly insufficient for that purpose.

Accordingly, on both procedural and substantive grounds, the motion for leave to amend to add the fourth and fifth counterclaims was properly denied.