■ GAIR Co., INC., Appellant-Respondent, v CAMBRIDGE CARPET, LTD., Respondent-Appellant and Third-Party Plaintiff-Appellant. BAYARD SALES CORPORATION et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (Ethel Danzig, J.), entered February 8, 1989, which denied plaintiff's motion to amend the complaint without prejudice to renewal on the basis of an affidavit of a person with knowledge of the facts, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 or, alternatively, for summary judgment pursuant to CPLR 3212, granted the third-party defendants' CPLR 3211 motion for dismissal of paragraph 12 of the third-party complaint and, *sua sponte,* transferred the action to the Civil Court pursuant to CPLR 325 (d), unanimously modified, on the law, to deny the motion to dismiss paragraph 12 of the third-party complaint and delete the CPLR 325 (d) transfer, and, except as thus modified, affirmed, without costs or disbursements.

The CPLR 325 (d) transfer was improper in that there is no indication in the record that plaintiff's damages may be less than the Civil Court's jurisdictional limit of $25,000. *(See, American Home Assur. Co. v Rhulen Agency,* 147 AD2d 413.)

Paragraph 12 of the third-party complaint alleges that the third-party defendants are liable for the unpaid portion of plaintiff's alleged debt to defendant and third-party plaintiff.

Although this is not an element of defendant's potential liability to plaintiff, and is therefore not within the traditional ambit of CPLR 1007 pleading, the modern view is that impleader may include a pleading that defendant is entitled to excess recovery over and above its liability to plaintiff, even if such pleading is inconsistent with a claim based on defendant's liability to plaintiff. *(Cohen Agency v Perlman Agency,* 51 NY2d 358, 366-367.)

The disposition of the IAS court was otherwise proper. The motion to amend was palpably deficient, having been supported only by an affirmation of counsel that included no facts to support the new pleadings. *(Bonanni v Straight Arrow Publishers,* 133 AD2d 585, 588.) Plaintiff may not avail itself of the exceptions to the rule established in *Davidowitz v Dixie Assocs.* (59 AD2d 659) and *Beberman v Halbrecht* (105 AD2d 876) since counsel has failed to show the long-term involvement with the underlying transactions that yielded personal knowledge of the facts in those cases. For that matter, he has alleged no specific supporting facts.

Third-party defendants' motion for summary judgment and for dismissal is based on plaintiff's allegations that Brooklake Associates should be brought into the case as a coplaintiff. The allegations are that third-party defendant Hartford manufactured, third-party defendant Bayard brokered and defendant and third-party plaintiff sold carpet that was installed by plaintiff in premises owned by the proposed coplaintiff. Third-party defendants argue that the allegation of damages on behalf of Brooklake proves that plaintiff suffered no damages itself. This argument is without merit. On a motion to dismiss, the complaint's allegations must be accepted as fact. Plaintiff's allegation of damages is sufficient on its face. Summary judgment was also properly denied since third-party defendants failed to offer any evidence that the plaintiff did not suffer damages. Further, third-party defendants improperly sought summary judgment on the affirmation of counsel, which was insufficient. *(Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485, 486.) Concur—Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.