■ VICTORIA TRUDEN, Appellant, v TOWN OF OYSTER BAY, Defendant, and LOUIS SEPLAVY et al., Respondents. [611 NYS2d 647] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McCaffrey, J.), dated July 9, 1992, as granted the cross motion of the defendants Louis and Marie Seplavy for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In her complaint, the plaintiff alleged that the respondents owned certain property located at 477 South Broadway, Oyster Bay, N. Y. She alleged that the respondents failed to properly maintain the sidewalk which adjoins this property. The notice of claim filed with the codefendant Town of Oyster Bay also indicated 477 South Broadway as the location of the accident.

The plaintiff now acknowledges that the location of her accident was in fact the sidewalk which adjoins 471 South Broadway, rather than the sidewalk which adjoins 477 South Broadway, as alleged in her complaint and in her notice of claim. The plaintiff never sought leave to amend her complaint and never produced evidence that the respondents in fact own the property located at 471 South Broadway.

The Supreme Court granted the respondents' cross motion

for summary judgment dismissing the complaint insofar as it is asserted against them.

On appeal, the plaintiff asserts that the respondents in fact own the property which adjoins the scene of the accident, that is, 471 South Broadway. However, as noted above, there is no proof of this fact in the record and under the circumstances here the ownership of this property is not a proper subject for judicial notice *(see,* CPLR 4511 [b]). Accordingly, we conclude that even if we were to treat the plaintiff's opposition to the cross motion for summary judgment as constituting an application for leave to amend the complaint *(see,* CPLR 3025 [b]), such relief would not be warranted *(see, Saxon v Tung Foon Ong,* 87 AD2d 867). Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.