■ LITTLETON McPHERSON, Respondent, v GLENWOOD ESTATES, INC., Defendant and Third-Party Plaintiff-Appellant. G & N RESTAURANT, INC., Third-Party Defendant; GRANT SUPPLIES, Third-Party Defendant-Appellant. [617 NYS2d 526] —In an action to recover damages for personal injuries, the defendant Glenwood Estates, Inc., and the third-party defendant Giant Supplies Corp., sued herein as Grant Supplies separately appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 2, 1993, which (1) denied the motion of Glenwood Estates, Inc., for summary judgment, (2) denied the cross motion of Giant Supplies Corp. for summary judgment, and (3) granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is reversed, on the law, and as a matter of discretion, with one bill of costs, the motion and cross motion for summary judgment are granted, the complaint is dismissed, and that the plaintiff's cross motion for leave to amend his complaint is denied.

According to his complaint, the plaintiff was injured on June 2, 1987, while lawfully on the premises "located at 125 Portion Road, Lake Ronkonkoma". The plaintiff alleged that the defendant third-party plaintiff Glenwood Estates, Inc. (hereinafter Glenwood) was the owner of this property, and that it was "doing construction work at [these] premises".

In January 1992 Glenwood made a motion for summary judgment, and tendered proof which established that it never owned, maintained, controlled or had any involvement whatsoever with the premises located at 125 Portion Road. The third-party defendant Giant Supplies Corp., sued herein as Grant Supplies (hereinafter Giant), the plaintiff's alleged em-

ployer, cross-moved for summary judgment, positing that the "dismissal of plaintiff's complaint against [Glenwood] would necessarily require the dismissal of [Glenwood's] third-party action against [Giant]". Giant also submitted evidence that, according to a report submitted to the New York State Insurance Fund, the plaintiff's accident occurred on "Bayberry St.".

In a subsequent cross motion, the plaintiff sought leave to amend his complaint so as to specify that the accident occurred not at 125 Portion Road, but rather at a "location on the east side of Holly Road, 125 feet south of Portion Road". The plaintiff submitted an affidavit in which he explained that he had "misread" a slip of paper upon which the location of the accident had been recorded, and that this "error" resulted in the inaccuracy reflected in the allegations of the complaint. According to the plaintiff, the location of his accident is now marked by the presence of a house, designated as 4 Holly Road, which was under construction at the time of the accident in 1987. The plaintiff's attorney submitted an affidavit in which he stated that "additional investigation" had revealed that this property, at the time of the accident, was owned by Avrom Poffenberger, the president of Glenwood.

In opposition to the plaintiff's cross motion for leave to amend, Giant's attorney noted, *inter alia,* that Mr. Poffenberger had testified, at a previous deposition, that Glenwood had nothing to do with the construction of the house which now stands at 4 Holly Road. Instead, Mr. Poffenberger had testified that he personally, rather than Glenwood, constructed the house now located at 4 Holly Road.

The Supreme Court denied the motion and cross motion for summary judgment, and granted the plaintiff's cross motion for leave to amend. We reverse.

Glenwood initially established its right to summary judgment by demonstrating the lack of merit of the allegations contained in the plaintiff's original complaint. It proved that it neither owned nor maintained the premises where, according to the plaintiff's original complaint, the accident had occurred *(see, e.g., Truden v Town of Oyster Bay,* 204 AD2d 434; *Saxon v Tung Foon Ong,* 87 AD2d 867).

In an attempt to avoid summary judgment, the plaintiff sought leave to amend his complaint so as to designate a different location as the situs of the accident. However, he failed to submit competent proof that this alternative location had in fact been owned or operated by Glenwood on the date

of the accident in 1987, a proposition which is contradicted by Mr. Poffenberger's deposition testimony. Also, we note that at least one of the parties seeking summary judgment, Giant, demonstrated that records conceivably relevant to an assessment of its liability had been destroyed in 1991, prior to its having received any notice as to the whereabouts of what the plaintiff now claims was the actual situs of the accident.

The determination whether to permit the amendment of a pleading is a matter committed to the discretion of the Supreme Court, and to the coextensive discretion of the Appellate Division (see, CPLR 3025 [b]; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.*, 63 AD2d 244; 84 NY Jur 2d, Pleading, § 246). Considering the potential for prejudice to the defendants which has potentially resulted from the plaintiff's delay in seeking the amendment, the nature of the excuse offered by the plaintiff for his failure to frame his original complaint properly, the inadequacy of any demonstration of merit, and all the other circumstances of this case, we conclude that granting the plaintiff leave to amend his complaint was an improvident exercise of discretion.

For the foregoing reasons, the order appealed from is reversed. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.