■ PARAMETRIC CAPITAL MANAGEMENT, LLC, et al., Respondents, v MICHAEL A. LACHER et al., Appellants. [822 NYS2d 60]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 13, 2005, granting plaintiffs' motion for leave to serve and file a second amended complaint, unanimously affirmed, with costs.

Plaintiffs' motion for leave to replead was adequately supported by an affirmation of an attorney with personal knowledge of the results of the arbitration proceeding in which plaintiffs had been represented by defendants, and a proposed second amended complaint verified by plaintiff Erik Postnieks (see Davidowitz v Dixie Assoc., 59 AD2d 659 [1977]; and see Farrell v K.J.D.E. Corp., 244 AD2d 905 [1997]). While defenses may exist, the claims sought to be added are not palpably meritless (see Ruffing v Union Carbide Corp., 308 AD2d 526 [2003]), and the grant of leave did not unfairly surprise or otherwise prejudice defendants.

In disposing of a prior motion by defendants to dismiss the complaint pursuant to CPLR 3211, the motion court granted leave to replead the legal malpractice and breach of fiduciary duty causes of action. Plaintiffs, however, did not initially replead the dismissed claims within the original action but instead realleged the claims, along with a claim for breach of contract, in the context of a new action bearing a new index number. While the court dismissed the new complaint "with prejudice," it is clear that the dismissal was not on the merits but by reason of the procedural device used to reassert the dismissed causes, and that the court by dismissing "with prejudice" merely intended to prevent plaintiffs from again asserting the dismissed causes in the form of a new action, not, as defendants now contend, to preclude amendment of the original complaint. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.