■ Joan Thorne Manning, Respondent, v Pamela Thorne et al., Defendants, and Isa Muhammad, Appellant. [900 NYS2d 900]—In an action for the partition and sale of real property, the defendant Isa Muhammad appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 8, 2008, which granted the plaintiff's motion for the sale of the subject property and the division of the proceeds thereof, and directed the parties to consent to the sale of the subject property to a prospective buyer or, if they failed to consent, to the partition and public sale of the subject property.

Ordered that the order is affirmed, with costs.

"[T]he Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate" (*Gaentner v Benkovich*, 18 AD3d 424, 427 [2005]). "[A]s a general rule, 'in courts of concurrent jurisdiction of a particular subject matter the court first assuming jurisdiction should retain the action' " (*id.* at 428, quoting *Zeglen v Zeglen*, 150 AD2d 924, 925 [1989]). Contrary to the appellant's contention, the Supreme Court acted properly in deciding the appellant's motion instead of transferring it to the Surrogate's Court (*see McGirr v Keesler*, 273 App Div 778 [1947]; *Brandt v Stowe*, 20 Misc 2d 856, 858 [1959]; *see also Ruiz v "Ruiz"*, 262 AD2d 392 [1999]). Moreover, the appellant never moved to transfer the action to the Surrogate's Court (*see* CPLR 325 [e]; *Gaentner v Benkovich*, 18 AD3d at 428).

Contrary to the appellant's contention, the Supreme Court properly granted the plaintiff's motion. The plaintiff's motion was supported by one having personal knowledge of the relevant facts regarding the appellant's eviction from the subject property (*see Comptroller of State of N.Y. v Gards Realty Corp.*, 68 AD2d 186, 188-188 [1979]; *see also Parametric Capital Mgt.*,

*LLC v Lacher*, 33 AD3d 376 [2006]; *Davidowitz v Dixie Assoc.*, 59 AD2d 659 [1977]).

The appellant's remaining contentions are without merit. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.