■ In the Matter of SHAKUNTALA DEVI TIKA GOPAUL, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant, et al., Respondents. [998 NYS2d 58]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the New York City Employees' Retirement System to accept, as effective, a designation of beneficiary form designating the petitioner as the sole beneficiary of her late husband's death benefit, the New York City Employees' Retirement System appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rosengarten, J.), entered July 27, 2012, which denied its motion pursuant to CPLR 325 (e) to remove this proceeding to the Surrogate's Court, Queens County, or, in the alternative, pursuant to CPLR 3211 (a) (5) to dismiss the petition as time-barred, and granted the petition.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court and the Surrogate's Court have concurrent jurisdiction over matters involving the administration of a decedent's estate (see NY Const art VI; Goodwin v Rice, 79 AD3d 699 [2010]; Manning v Thorne, 73 AD3d 1136 [2010]; Burmax Co. v B & S Indus., 135 AD2d 599, 601 [1987]). Here, the petitioner commenced this proceeding, inter alia, to compel the New York City Employees' Retirement System (hereinafter NYCERS) to accept, as effective, a designation of beneficiary form designating her as the sole beneficiary of her late husband's death benefit, and paying the death benefit to her rather than to her husband's sons, who were previously designated as his beneficiaries. This proceeding may have potentially involved the administration of a decedent's estate because the subject death benefit is a testamentary substitute against which the petitioner could exercise a right of election even if it was determined that she was not the designated beneficiary (see EPTL 5-1.1-A [b] [1] [G]). However, it is undisputed that the Surrogate's Court, Queens County, declined to exercise jurisdiction over this proceeding before it was commenced in the Supreme Court. Under these circumstances, the Supreme Court providently exercised its discretion in denying that branch of NYCERS' motion which was pursuant to CPLR 325 (e) to

remove this proceeding to the Surrogate's Court, Queens County.

The Supreme Court also properly denied that branch of NYCERS' motion which was, in the alternative, pursuant to CPLR 3211 (a) (5) to dismiss the petition as time-barred. In a proceeding in the nature of mandamus to compel, the four-month statute of limitations begins to run "after the respondent's refusal, upon the demand of the petitioner . . . to perform its duty" (CPLR 217 [1]; *see Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181 [2014]; *Matter of Selective Ins. Co. of Am. v State of N.Y. Workers' Compensation Bd.*, 102 AD3d 72, 76 [2012]; *Matter of Moskowitz v New York City Police Pension Fund*, 82 AD3d 473 [2011]; *Matter of Whitted v City of Newburgh*, 65 AD3d 1365, 1367 [2009]). The filing of a CPLR article 78 petition can itself be construed as a demand (*see Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181 [2014]; *Matter of Meegan v Griffin*, 161 AD2d 1143 [1990]). Here, the petitioner made her demand that NYCERS perform its duty to accept her late husband's fully completed and notarized designation of beneficiary form by filing the petition in this proceeding in February 2012. Accordingly, the petition is not time-barred (*see Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181 [2014]).

NYCERS' remaining contentions are without merit. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.