■ JESSICA TRAIMAN, Respondent, v UNITED STATES LIFE INSURANCE COMPANY IN CITY OF NEW YORK, Defendant, and VIVIEN TRAIMAN et al., Appellants. [31 NYS3d 537]—

In an action, inter alia, for a judgment declaring null and void a change in beneficiary form of an annuity contract, the defendants Vivien Traiman, Laurence Traiman, and the Estate of Henry Traiman appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Nassau County (McCormack, J.), dated February 26, 2014, as denied those branches of the motion of the defendants Vivien Traiman and Laurence Traiman, and the separate motion of the defendant Estate of Henry Traiman, which were, in effect, pursuant to CPLR 325 (e) to remove this action to the Surrogate's Court, Nassau County, or, in the alternative, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action, which sought a declaratory judgment, and to strike the plaintiff's demands for punitive damages and an award of attorneys' fees.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Vivien Traiman and Laurence Traiman, and the separate motion of the defendant Estate of Henry Traiman, which were pursuant to CPLR 3211 (a) (7) to strike the plaintiff's demands for punitive damages and an award of attorneys' fees, and substituting therefor provisions granting those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against, among others, her sister, Vivien Traiman, her brother, Laurence Traiman, and the Estate of Henry Traiman (hereinafter the estate), seeking, inter alia, a judgment declaring null and void a change in beneficiary form designating Vivien Traiman as the sole beneficiary of an annuity contract purchased by Henry Traiman (hereinafter the decedent). The complaint alleges that the designated beneficiaries of the annuity were previously the decedent's three children, i.e., the plaintiff and her two siblings, and the decedent executed a change of beneficiary form designating Vivien Traiman as sole beneficiary when he was of diminished capacity.

The plaintiff's siblings and the estate (hereinafter collectively the appellants) separately moved, inter alia, in effect, pursuant to CPLR 325 (e) to remove this action to the Surrogate's Court, Nassau County, or, in the alternative, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action, which sought a declaratory judgment, and to strike the plaintiff's demands for punitive damages and an award of attorneys' fees. In the order appealed from, the Supreme Court denied those motions.

It is undisputed that the Surrogate's Court, Nassau County, declined to hear the matter. Under the circumstances, the Supreme Court providently exercised its discretion in denying those branches of the appellants' motions which were to remove the action to the Surrogate's Court, Nassau County (*see Matter of Gopaul v New York City Employees' Retirement Sys.*, 122 AD3d 848, 849 [2014]).

However, the plaintiff failed to plead a basis for an award of attorneys' fees or punitive damages. "The 'American Rule,' which is followed in New York, is that '[a]n attorney's fee is merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority' " (*214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty*, 99 AD3d 988, 990 [2012], quoting *Levine v Infidelity, Inc.*, 2 AD3d 691, 692 [2003]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Schwartz v Rosenberg*, 67 AD3d 770, 771 [2009]). Here, no contractual or statutory basis is pleaded for an award of attorneys' fees.

Further, the allegations in the complaint did not indicate that the appellants acted with the high degree of moral culpability required to justify an award of punitive damages (*see Farm Stores v School Feeding Corp.*, 102 AD2d 249, 256 [1984], *affd in part* 64 NY2d 1065 [1985]), nor did the conduct jeopardize the public or public policy (*see Aronis v TLC Vision Ctrs., Inc.*, 49 AD3d 576, 577 [2008]; *Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 82 [2007]). The complaint alleges a private wrong and is insufficient to support a claim for punitive damages (*see Global Mar. Power, Inc. v Kustom Engines & Performance Eng'g, LLC*, 108 AD3d 501, 502 [2013]).

We further note that, although the plaintiff may be awarded full relief without resort to a declaratory judgment (*see Matter of Greenwold*, 236 AD2d 400 [1997]), relief may be pleaded in the alternative, and there is no basis at this juncture to dismiss the plaintiff's cause of action for a declaratory judgment (*see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148 [2011]). Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.