Esposito v Weiner (2018 NY Slip Op 02771)





Esposito v Weiner


2018 NY Slip Op 02771


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-02338
 (Index No. 7224/14)

[*1]Bernardino Esposito, appellant, 
v
Elissa Weiner, etc., et al., defendants, Andrew L. Crabtree, etc., et al., respondents.


Isolina Esposito, Bronx, NY (Mitchell L. Perry of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Joan Martino of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for the return of funds placed in escrow, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered January 11, 2016. The order granted the motion of the defendants Andrew L. Crabtree and Andrew L. Crabtree, P.C., for leave to reargue those branches of their prior motion which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for consequential damages, economic damages, lost profits, emotional damages, punitive damages, and an attorney's fee insofar as asserted against them, which had been denied in an order of the same court entered July 9, 2015, and, upon reargument, granted those branches of the prior motion.
ORDERED that the order is modified, on the law, by deleting the provisions thereof, upon reargument, granting those branches of the motion of the defendants Andrew L. Crabtree and Andrew L. Crabtree, P.C., which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for consequential damages, economic damages, lost profits, and punitive damages insofar as asserted against them, and substituting therefor provisions adhering to the original determination as to those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
In this action, the plaintiff asserted causes of action against the defendants Andrew L. Crabtree and Andrew L. Crabtree, P.C. (hereinafter together the Crabtree defendants), relating to their handling of escrow funds. The Crabtree defendants moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them. In an order entered July 9, 2015, the Supreme Court denied the motion. The Crabtree defendants moved for leave to reargue those branches of their prior motion which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for consequential damages, economic damages, lost profits, emotional damages, punitive damages, and an attorney's fee insofar as asserted against them. In an order entered January 11, 2016, the court granted reargument and, upon reargument, granted those branches of the prior motion. The plaintiff appeals.
We agree with the Supreme Court that upon reargument, that branch of the Crabtree defendants' prior motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for emotional damages insofar as asserted against them should have been granted, since no basis was [*2]pleaded in the complaint for the recovery of damages for emotional injuries (see generally Taggart v Costabile, 131 AD3d 243, 255-256). Further, upon reargument, we agree with the court that the branch of the Crabtree defendants' prior motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for an attorney's fee insofar as asserted against them should have been granted, since no contractual or statutory basis was pleaded for an award of an attorney's fee (see Traiman v United States Life Ins. Co. in City of N.Y., 139 AD3d 713, 715).
However, the Supreme Court, upon reargument, should not have granted those branches of the Crabtree defendants' prior motion which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the demand for consequential damages, economic damages, lost profits, and punitive damages insofar as asserted against them. It would be premature, at this stage of the litigation, to conclude that the allegations were insufficient to support a claim for these damages (cf. Gipe v DBT Xpress, LLC, 150 AD3d 1208). The evidence submitted by the Crabtree defendants in support of their motion, including the terms of the escrow agreement relating to the escrow agent's liability, did not demonstrate that a material fact as claimed by the plaintiff was not a fact at all.
The plaintiff's remaining contention is without merit.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court