Gleizer v Gleizer (2023 NY Slip Op 02647)

Gleizer v Gleizer

2023 NY Slip Op 02647

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-03344
 (Index No. 502946/18)

[*1]Irina Gleizer, respondent, 
v
Rudolf Gleizer, et al., defendants, Estate of Michael Gleizer, et al., appellants.

Siegel & Siegel, P.C., New York, NY (Michael D. Siegel of counsel), for appellants.
Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for respondent.
Yonatan S. Levoritz, New York, NY (Karolina Krasnyanskaya of counsel), for defendants Rudolf Gleizer and Alla Gleizer.
In an action, inter alia, to set aside an allegedly fraudulent conveyance of stock in a corporation, the defendants Estate of Michael Gleizer and Max Gleizer appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 28, 2019. The order, insofar as appealed from, denied those branches of those defendants' cross-motion which were to cancel a notice of pendency filed against certain real property owned by the corporation and to transfer this action to the Surrogate's Court.

DECISION & ORDER
Motion by the plaintiff to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 25, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted to the extent that the appeal from so much of the order as denied that branch of the cross-motion of the defendants Estate of Michael Gleizer and Max Gleizer which was to cancel the notice of pendency filed against certain real property owned by the corporation is dismissed as academic, and the motion is otherwise denied; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2018, the plaintiff commenced this action against, among others, the defendants Estate of Michael Gleizer and Max Gleizer (hereinafter together the appellants), inter alia, to set aside as fraudulent a 2007 stock transfer agreement between the defendant Rudolf Gleizer and the now deceased Michael Gleizer, which, among other things, purported to transfer all of [*2]Rudolf Gleizer's interest in a corporation that owned certain commercial real property in Brooklyn (hereinafter the premises) to Michael Gleizer. A prior action commenced by the plaintiff in 2011 seeking the same relief as this action resulted in a 2012 default judgment against, among others, Michael Gleizer. In this action, the appellants cross-moved, inter alia, to cancel a notice of pendency filed against the premises and to transfer the action to the Surrogate's Court. In an order dated January 28, 2019, the Supreme Court, inter alia, denied those branches of the appellants' cross-motion.
The appeal from so much of the order as denied that branch of the appellants' cross-motion which was to cancel the notice of pendency filed against the premises must be dismissed as academic, as the premises has been sold (see e.g. Matter of Vetri, 208 AD2d 755, 755).
The Supreme Court providently exercised its discretion in denying that branch of the appellants' cross-motion which was to transfer the action to the Surrogate's Court, to be decided in connection with a probate proceeding involving the Estate of Michael Gleizer. Although a cause of action alleging fraudulent conveyance may be raised in the Surrogate's Court (see SCPA 209[4]; Matter of Piccione, 57 NY2d 278), here, this action was already pending in the Supreme Court, and the Surrogate's Court did not direct that the action be transferred to it from the Supreme Court (see CPLR 325[e]). As the Surrogate's Court, in an order dated October 23, 2018, had already declined to accept this action for determination, the Supreme Court providently exercised its discretion in denying that branch of the appellants' cross-motion which was to transfer the action to the Surrogate's Court (see Traiman v United States Life Ins. Co. in City of N.Y., 139 AD3d 713, 715; Matter of Gopaul v New York City Employees' Retirement Sys., 122 AD3d 848, 848-849).
The appellants' remaining contentions, raised for the first time on appeal, are not properly before this Court.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court