■ MARIE VALENTE, Individually and as Administratrix of the Estate of FRANCESCO VALENTE, Deceased, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.—Order and judgment unanimously reversed, on the law, without costs, motion denied, and summary judgment granted defendant dismissing the complaint. Memorandum: Special Term erred in granting plaintiff summary judgment in this action to recover $25,000 under the accidental death provisions of an insurance policy on the life of plaintiff's decedent. Plaintiff's husband, a 41-year-old man with no history of heart disease, had a heart attack and died shortly after lifting and moving large cartons of coffee as part of his routine duties at the supermarket where he was an assistant manager. The cause of death was given as acute myocardial infarction. His life was insured under a group policy providing for payment of $25,000 in death benefits and an additional $25,000 for accidental death. With respect to accidental death, the policy provides:

"These benefits are payable in the event you suffer a loss as a result of accidental injury caused directly and exclusively by

purely accidental means and independently of all other causes, within 90 days following an accidental injury which occurs either on or off the job and while you are insured * * *

"NOT COVERED

"Losses resulting from, or caused directly or indirectly, * * * by, (a) bodily or mental infirmity".
Defendant paid the death benefits but denied plaintiff's additional claim for accidental death benefits.

Plaintiff relies primarily on language contained in *Miller v Continental Ins. Co.* (40 NY2d 675, 677), which defines an accident as whether, from the point of view of the insured, " 'it was unexpected, unusual and unforeseen' ". Obviously, the sudden heart attack suffered by plaintiff's decedent was neither expected nor foreseen by him; nevertheless, the problem with that definition of accidental death is that it would include, contrary to the clear intent of the policy, any sudden death resulting from natural causes. The weight of authority in this and other jurisdictions holds that death resulting from a heart attack suffered as a consequence of ordinary physical exertion is not accidental within the meaning of an accident policy *(see, Burr v Commercial Travelers Mut. Acc. Assn.,* 295 NY 294, 305; *Wilcox v Mutual Life Ins. Co.,* 265 NY 665; *Silverstein v Metropolitan Life Ins. Co.,* 254 NY 81, 85; *Allendorf v Fidelity & Cas. Co.,* 250 NY 529; *Schecter v Equitable Life Assur. Socy.,* 275 App Div 958, *lv denied* 300 NY 763; 1B Appleman, Insurance Law and Practice § 372; *see also, Fane v National Assn.,* 197 App Div 145).

Since we find as a matter of law that plaintiff did not suffer an accidental death, there are no triable issues of fact and, in the interest of judicial economy, we have exercised our authority to search the record and grant summary judgment dismissing the complaint despite the fact that defendant did not move for such relief *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112). (Appeal from order and judgment of Supreme Court, Monroe County, Bergin, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Boomer and Pine, JJ.