■ TILDEN FINANCIAL CORP., Respondent, v RICHARD MUFFOLETTO, Appellant.—In an action to recover on a guarantee, the defendant appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 8, 1988, which denied his motion to vacate the note of issue, for leave to amend his answer, and to direct the plaintiff to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to strike the action from the Trial Calendar *(see,* 22 NYCRR 202.21 [e]). Although a stay of discovery was in effect during the pendency of the plaintiff's motion for summary judgment *(see,* CPLR 3214 [b]), there was nevertheless ample time within which the defendant could have made requests for discovery. However, no such requests were made, or at least no reference to such demands appear in the present record. Since no formal discov-

ery requests were pending, the plaintiff did not act improperly in filing his note of issue. We also note that the Supreme Court granted the parties leave to conduct discovery, by way of mutual depositions, even while the action remains on the Trial Calendar.

The Supreme Court did not err in denying the defendant's motion insofar as it was for an order granting leave to amend his answer so as to assert an additional affirmative defense based on certain provisions of Uniform Commercial Code article 9. The general rule is that motions for leave to amend must be supported by at least a minimal showing of merit *(see,* CPLR 3025 [b]; *March v St. Volodymyr Ukranian Catholic Church,* 117 AD2d 864; *Beekman v Sylvan Lawrence, Inc.,* 111 AD2d 658, 659; *Anos Diner v Pitios Gourmet,* 100 AD2d 948; *Brennan v City of New York,* 99 AD2d 445; *Saxon v Tung Foon Ong,* 87 AD2d 867; *McDermott v Village of Menands,* 74 AD2d 661; *Walden v Nowinski,* 63 AD2d 586, 587; *Leonard Hosp. v Messier,* 32 AD2d 596; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.22; Siegel, NY Prac § 237, at 290). There was no showing of merit in this case. From the papers submitted to the Supreme Court, it is not even clear that the cited provisions of the Uniform Commercial Code apply to this case.

Finally, the CPLR does not authorize the Supreme Court to compel a plaintiff to litigate against a particular party. The Supreme Court therefore properly denied that branch of the defendant's motion which was to direct the plaintiff to amend its complaint to add an additional party defendant. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.