■ John Dellafiora, Respondent, v Barbara Dellafiora, Appellant, and Ross P. Solomon, Nonparty Appellant.—In an action for a divorce and ancillary relief, in which the defendant moved to vacate a stipulation of settlement entered into in open court, the defendant and her counsel, Ross P. Solomon, appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Fitzer, J.H.O.), dated November 13, 1989, which granted the plaintiff's cross motion to impose costs and sanctions to the extent of awarding his counsel, the firm of Neuman, LaForge & Tamsen, the sum of $1,000, representing reasonable counsel fees generated in preparing papers and opposing a motion by the defendant to vacate the stipulation of settlement, and directing the defendant's counsel to pay a sanction to the Lawyers' Fund for Client Protection pursuant to 22 NYCRR 130-1.3.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the appellants' contentions, the plaintiff's express request for the imposition of attorneys' fees and sanctions pursuant to 22 NYCRR 130-1.1 et seq., furnished them with adequate notice that such relief would be considered and rendered a formal hearing unnecessary (see, 22 NYCRR 130-1.1 [d]; Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411, 413, n; cf., Gerstein v I Travel, 169 AD2d 492). Contrary to the appellants' further contentions, the Supreme Court sufficiently set forth in its decision the reasons for the imposition of attorneys' fees and sanctions, and there is no basis in the record to modify the sum awarded to the plaintiff's counsel as reasonable attorneys' fees, or the amount of sanctions directed to be paid to the appropriate fund to wit, the Lawyers' Fund for Client Protection, formerly the Client's Security Fund, pursuant to the court rules (see, 22 NYCRR 130-1.3) by the defendant's counsel for that counsel's frivolous conduct. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.