■ NICHOLAS J. GRASSO, Appellant, v JAMES MATHEW, Respondent.—Weiss, P. J. Appeal from an order of the Supreme Court (Doran, J.), entered April 8, 1991 in Schenectady County, which awarded defendant costs and counsel fees.

Plaintiff appeals an award of counsel fees and costs set by Supreme Court at $10,000 pursuant to CPLR 8303-a. The facts are reported in this Court's prior decision (164 AD2d 476, *lv dismissed* 77 NY2d 940).

Plaintiff contends that he was denied due process when he was denied a full evidentiary hearing to calculate the amount of the award. We find a formal evidentiary hearing unnecessary where, as here, on notice of motion plaintiff had the opportunity to review defendant's application and had the opportunity to be heard on the motion. In an analogous situation, the Court of Appeals imposed sanctions where the opposing party had express notice of the pending application *(Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 413, n; *see also, Dellafiora v Dellafiora,* 172 AD2d 715; *Harley v Druzba,* 169 AD2d 1001, 1002-1003).

Plaintiff next contends that Supreme Court inappropriately considered the time defendant's counsel expended in pursuit of having counsel fees awarded. Contrary to plaintiff's assertion, the fees and costs associated with the preparation of defendant's appeal of the denial of his application for sanctions were appropriately considered by Supreme Court, particularly because plaintiff was appealing the original dismissal of his frivolous action *(see, Patane v Griffin,* 164 AD2d 192, 197-198, *lv denied* 77 NY2d 810).

As a final note and contrary to defendant's argument, this

Court was not deprived of jurisdiction by plaintiff's unsuccessful motion for leave to appeal the subject order directly to the Court of Appeals (78 NY2d 855; *see, e.g., City of New York v 60 W. 119 Corp.,* 62 NY2d 799; *Gould v Furbish,* 61 NY2d 832).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.