■ HAROLD J. ZEIDE, Appellant, v NATIONAL CASUALTY COMPANY et al., Defendants, and MONARCH LIFE INSURANCE COMPANY, Respondent.—In an action to recover benefits under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated August 14, 1990, which granted the motion of the defendant Monarch Life Insurance Company for leave to serve an amended answer.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in granting the motion of the defendant Monarch Life Insurance Company for leave to serve an amended answer to include a counterclaim. Contrary to the plaintiff's contention, the defendant's counterclaim was interposed within the six-year Statute of Limitations, since the defendant could not have reasonably discovered the alleged fraud until 1986, when the summons and complaint were served (see, CPLR 213 [8]).

In addition, it cannot be said that the counterclaim is patently deficient *(see, Tilden Fin. Corp. v Muffoletto,* 161 AD2d 583). Finally, since discovery had not been completed at the time of the defendant's motion, the plaintiff failed to demonstrate prejudice as a result of the amendment *(see, Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555, 556; *cf., Pellegrino v New York City Tr. Auth.,* 177 AD2d 554).

In *Zeide v National Cas. Co.* (187 AD2d 577 [decided herewith]), this Court granted the motion of the defendant Monarch Life Insurance Company for summary judgment. Accordingly, the issue of the propriety of the defenses asserted in its amended answer is academic. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.