■ Harold J. Zeide, Respondent, v National Casualty Company et al., Defendants, and Monarch Life Insurance Company, Appellant.—In an action to recover benefits under an insurance policy, the defendant Monarch Life Insurance Company appeals from (1) so much of an order of the Supreme Court, Nassau County (Burke, J.), dated January 24, 1991, as denied its motion for summary judgment dismissing the action insofar as it is asserted against it, and (2) so much of an order of the same court, dated June 26, 1991, as denied its motion for reargument.

Ordered that the order dated January 24, 1991, is reversed insofar as appealed from, on the law, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated June 26, 1991, is dismissed, as no appeal lies from the denial of a motion for reargument; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant Monarch Life Insurance Company (hereinafter the carrier) issued disability income policies to the plaintiff in 1972 and 1974. In relevant part, both policies provided that in the event of total disability due to sickness, benefits would be paid until the plaintiff's sixty-fifth birthday but not less than 24 months. In the event of total disability due to accident, benefits would be paid for life if the disability commenced before the sixty-fifth birthday, but not for less than 24 months.

On May 30, 1980, the plaintiff, a physician with no history of heart problems, suffered a myocardial infarction while attempting to move an examination table supporting an obese

patient. The plaintiff applied for, and was paid, benefits for the period from the time of the incident until September 1980 when he returned to work on a part-time basis. In December 1980 the plaintiff again stopped working due to his heart condition, but did not file for further disability benefits. The plaintiff has not worked since, although he for some time harbored hopes that he would eventually be able to return to work.

In or about June 1982 after the plaintiff's sixty-fifth birthday on January 28, 1982, the plaintiff underwent bypass surgery. The plaintiff promptly applied for disability benefits, which the carrier paid him on a monthly basis according to the policies.

In June 1984 the carrier informed the plaintiff that as of that month, the plaintiff's 24-month benefit period was concluded. The plaintiff contested this determination in writing, claiming that his disability resulted from an accident, and that he was therefore entitled to lifetime benefits. The carrier responded by reiterating its position that since the plaintiff's disability commenced after his sixty-fifth birthday, he was only eligible for benefits for 24 months, and that all benefits due under the policies had been paid.

The plaintiff commenced this action in June 1986, claiming that the May 30, 1980, incident was an accidental injury, and that he had been totally disabled from May 1980 to September 1980, and from December 1980 to the present, as a result thereof.

The carrier moved for summary judgment dismissing the action insofar as it is asserted against it, on various grounds, including that, as a matter of law, the 1980 injury was due to sickness, rather than to an accident. The Supreme Court denied the motion, finding, in part, that issues of fact existed as to whether the 1980 injury constituted an "accident" or a "sickness" within the context of the policies, and as to the connection between the 1980 myocardial infarction and the bypass surgery in 1982. We disagree.

"[A] heart attack suffered as a consequence of ordinary physical exertion is not accidental within the meaning of an accident policy" (*Valente v Equitable Life Assur. Socy.,* 120 AD2d 934, 935). Accordingly, there are no triable issues of fact and the carrier is entitled to summary judgment dismissing the complaint insofar as it is asserted against it. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.