■ ADEL ALHARB et al., Appellants, v KAMEL SAYEGH et al., Respondents. [604 NYS2d 242] —In an action to recover, *inter alia*, damages for personal injuries, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), dated June 30, 1992, which certified that the action was ready for trial, (2) from an order of the same court, dated July 20, 1992, which extended the defendants' time to conduct independent medical examinations of the infant plaintiff, and (3), as limited by their brief, from so much of an order of the same court, entered November 6, 1992, as, upon reargument, adhered to both of the foregoing original determinations.

Ordered that the appeals from the orders dated June 30, 1992, and July 20, 1992, are dismissed, as those orders were superseded by the order entered November 6, 1992, made upon reargument; and it is further,

Ordered that the order entered November 6, 1992, is modified, as a matter of discretion, so as to provide that, upon reargument, the order dated July 20, 1992, is modified by deleting from the decretal paragraph thereof all words following the words "is extended," as so modified, the order entered November 6, 1992, is affirmed insofar as appealed from. Such independent medical examinations of the infant plaintiff as the defendants may wish to hold shall be conducted within 90 days from the date of this decision and order, at a time and place to be specified in a notice of not less than 30 days to be given to the plaintiffs by the defendants, or at such other time and place as the parties may agree, and copies of the reports of such independent medical examinations shall be furnished

to the plaintiffs' attorney within 45 days after the completion of those examinations; and it is further,

Ordered that the respondents are awarded one bill of costs.

Given the expert opinion to the effect that a psychological examination of a child of less than four years of age would yield inconclusive results, the Supreme Court did not improvidently exercise its discretion in directing the plaintiffs to file a note of issue and then extending the time within which the defendants could conduct independent medical examinations of the infant plaintiff until 90 days prior to trial *(see, Tilden Fin. Corp. v Muffoletto,* 161 AD2d 583; *Power Test Petroleum Distrib. v Northville Indus. Corp.,* 114 AD2d 405). However, since the infant plaintiff is now seven years old, in the exercise of our discretion, we direct the defendants to proceed with the medical examinations, if any, in accordance with this order. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.