■ In the Matter of the Estate of RAFFAELE LUPOLI, Deceased. MARGUERITE LUPOLI, Appellant; PETER LUPOLI, Respondent. [643 NYS2d 377] —In a proceeding pursuant to SCPA 711 to revoke letters testamentary, the petitioner appeals from (1) an order of the Surrogate's Court, Queens County (Nahman, S.), dated September 28, 1994, which granted the respondent's motion to impose costs on the petitioner in the amount of $10,000, (2) a decree of the same court, dated October 18, 1994, and (3)

an amended decree of the same court dated November 18, 1994, which confirmed the Referee's report and granted the respondent costs in the amount of $2,200.

Ordered that the appeal from the decree dated October 18, 1994, is dismissed, as that decree was superseded by the amended decree dated November 18, 1994; and it is further,

Ordered that the order and the amended decree are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the petitioner personally.

The court acted within its discretion in determining that the petitioner's conduct was frivolous. In the approximately 10 months between the commencement of the proceeding and the hearing, the petitioner undertook no discovery and filed a note of issue stating that there had been a reasonable opportunity to complete all disclosure, or that specified items of disclosure had been waived. Nevertheless, the petitioner contended at the hearing that discovery was necessary.

It is further apparent that the petitioner made no attempt to determine whether a factual basis for the claims existed. The petitioner, who verified the facts alleged in the petition herself, did not testify, and discharged her attorney from the case without having examined the respondent, resulting in the hearing being closed. Despite being advised that she could seek to reopen the hearing, the petitioner failed to do so. Under the circumstances, the court properly exercised its discretion in awarding costs to the estate for legal fees incurred in defending against the petitioner's conduct, which it properly deemed frivolous.

The petitioner had been warned by the Referee that she was subject to being sanctioned for her conduct during the hearing. Moreover, the respondent advised the petitioner that it would seek sanctions, and thereafter formally moved for sanctions, and the petitioner filed a written opposition to the request. Therefore, the petitioner was provided adequate notice and an opportunity to be heard, rendering a formal hearing unnecessary (see, Dellafiora v Dellafiora, 172 AD2d 715).

We have reviewed the parties' remaining contentions, and find that they are without merit. Sullivan, J. P., Hart, Goldstein and McGinity, JJ., concur.