■ MOUNTAIN LION BASEBALL, INC., Appellant, v ROBERT GAIMAN et al., Respondents. (And Three Other Related Actions.) [693 NYS2d 289] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered June 29, 1998 in Sullivan County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

In February 1995, plaintiff allegedly entered into an oral agreement with WRD Associates, pursuant to the terms of which WRD was to convey to plaintiff certain real property located in the Town of Fallsburg, Sullivan County, with the understanding that plaintiff would construct a minor league baseball stadium upon such parcel. In conjunction therewith William Resnick, one of WRD's partners, contacted defendant Robert Gaiman, an attorney and partner in defendant Greenberg and Gaiman LLP, and asked Gaiman to review the local zoning laws and determine whether construction of the baseball stadium on the property in question was permissible. To that end, Gaiman advised plaintiff's general manager that he had been retained to represent plaintiff and its sole shareholder, Edward Acton, in regard to obtaining the special use permit needed for the construction of the stadium. Gaiman thereafter appeared before the Town of Fallsburg Planning Board on various occasions in April 1995 and May 1995 and, following the issuance of the special use permit, continued to represent plaintiff's interests with respect to the CPLR article 78 proceeding commenced by adjoining landowners to challenge the Planning Board's determination.

Difficulties thereafter developed between Resnick and Acton, prompting Resnick to ask Gaiman to intervene and enter into negotiations with Acton to resolve the underlying dispute. As Gaiman's prior representation of Acton posed a clear conflict of interest, Gaiman drafted a letter outlining the conflict and, further, seeking permission from plaintiff and Resnick to continue to represent plaintiff in the CPLR article 78 proceeding while representing Resnick in negotiations with Acton relative to the transfer of the baseball stadium. Both Resnick and Acton signed the August 14, 1995 letter acknowledging the conflict and consenting to the representation. Gaiman thereafter prepared, for Resnick's signature, a letter detailing and formalizing the financial arrangements that had been agreed

to by Resnick and Acton. Although both Acton and Resnick signed the agreement, further difficulties ensued, resulting in the commencement of various related actions.

In December 1997, plaintiff commenced this action against defendants setting forth seven causes of action sounding in breach of fiduciary duty, legal malpractice, conflict of interest, false representation, intentional interference with contractual relations, prima facie tort and conspiracy. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved to, *inter alia*, compel defendants to comply with certain discovery demands. Supreme Court granted defendants' motion for summary judgment dismissing the complaint in its entirety, prompting this appeal by plaintiff.

We affirm. Plaintiff's first three causes of action allege that defendants breached their fiduciary duty and committed legal malpractice by disclosing confidential information to Resnick, WRD and the Sullivan County Industrial Development Agency and, further, violated the Code of Professional Responsibility by creating and perpetuating a conflict of interest between plaintiff and Resnick/WRD. Our review of the record reveals that such claims are entirely without merit.

As to plaintiff's breach of fiduciary duty and legal malpractice claims, plaintiff alleges that it retained defendants in February 1995 to assist it in developing, financing and constructing the baseball stadium and that defendants thereafter disclosed confidential information obtained during the course of such representation to various individuals. In support of defendants' motion for summary judgment, Gaiman submitted an affidavit wherein he averred, among other things, that he was not retained to represent plaintiff until March 31, 1995 and then only in connection with issues before the Planning Board. Additionally, Gaiman averred that prior to August 14, 1995, when he agreed to intervene in the dispute between Acton and Resnick, he was not privy to any of the details surrounding the construction, operation or financing of the baseball stadium. In opposition, plaintiff offered absolutely nothing to substantiate its conclusory assertions to the contrary. Notably absent from the record is any documentation to support plaintiff's claim that defendants were retained to represent plaintiff in February 1995 with respect to the construction of the baseball stadium; indeed, defendant's billing records fully support Gaiman's contentions regarding the timing and scope of defendants' representation. Nor does the record disclose the confidential information allegedly divulged by

defendants. With respect to plaintiff's conflict of interest claim, it is clear from the record that no conflict existed prior to August 1995, at which time defendants made full disclosure of the conflict and obtained consent from Acton and Resnick to continue to represent plaintiff and WRD in their respective capacities. Accordingly, Supreme Court properly dismissed the first three causes of action.

We reach a similar conclusion with respect to plaintiff's fourth cause of action for false representation, wherein plaintiff sweepingly alleges that defendants "made representations to [p]laintiff which were knowingly false and/or were made with reckless disregard to the truth, with the intention of causing [p]laintiff to rely thereupon to its detriment". It is well settled that "where fraud or misrepresentation is charged, CPLR 3016 (b) requires that the misrepresentation must be pleaded in detail so as to clearly inform the defendant with respect to the incident complained of and give notice of the allegations the plaintiff intends to prove" (*Fort Ann Cent. School Dist. v Hogan*, 206 AD2d 723, 724). In our view plaintiff's complaint, which fails to set forth the substance of, the dates upon which or the persons to whom the alleged misrepresentations purportedly were made, falls far short of satisfying the pleading requirement imposed by CPLR 3016 (b).

Plaintiff's fifth and sixth* causes of action for interference with contractual relations and prima facie tort, respectively, also suffer from fatal pleading deficiencies—namely, plaintiff's failure to allege sufficient facts to establish that defendants' alleged misdeeds, the specifics of which are nowhere disclosed in the complaint, resulted solely from " ' "disinterested malevolence" ' " (*Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 576). Finally, plaintiff's seventh cause of action, incorrectly denominated as plaintiff's sixth cause of action in the complaint, also was properly dismissed, as it is well settled that "there is no substantive tort of conspiracy" (*Spa Realty Assocs. v Spring Assocs.*, 256 AD2d 1001, 1002; *see, Alexander & Alexander v Fritzen*, 68 NY2d 968, 969).

Having concluded that Supreme Court appropriately granted defendants' motion for summary judgment dismissing the complaint, it necessarily follows that plaintiff's cross motion to compel further discovery was properly denied. As to the issue of sanctions, it should be apparent from the foregoing discussion that we view plaintiff's request for sanctions against defendants to be entirely unwarranted and, hence, appropri-

---

* The complaint erroneously contains two "fifth" causes of action, the latter of which we will refer to as plaintiff's sixth cause of action.

ately denied by Supreme Court. We reach a contrary conclusion, however, with respect to defendants' request that plaintiff be sanctioned for pursuing a frivolous appeal.

Pursuant to the Rules of the Chief Administrator of the Courts (*see*, 22 NYCRR part 130), conduct is deemed frivolous if, *inter alia*, "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) or "is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). In evaluating the conduct at issue, we are to consider, *inter alia*, "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR 130-1.1 [c]). In our view, that standard has been met here (*see*, *Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 223 AD2d 995; *Gregware v Key Bank*, 218 AD2d 859, 861, *lv denied* 87 NY2d 803).

Assuming that plaintiff failed to fully comprehend the frivolous nature of this lawsuit prior to Supreme Court's dismissal of the underlying complaint, any doubt in that regard should have been put to rest by even a cursory review of Supreme Court's decision in this matter. In granting defendants' motion for summary judgment dismissing the complaint Supreme Court, in a thoughtful and well-reasoned decision, meticulously detailed the numerous deficiencies in each of plaintiff's seven causes of action. On appeal, plaintiff makes no attempt to articulate the manner in which Supreme Court purportedly erred in granting defendants' motion, fails to distinguish the cases relied upon by the court and offers no substantive analysis to sustain its conclusory and unsubstantiated arguments in support of reversal. Instead, plaintiff merely (and repeatedly) asserts, with respect to each cause of action, that a review of the complaint, as well as the affidavits tendered by Acton and Gaiman, discloses numerous issues of fact that must await a trial. To the extent that the record indeed discloses certain factual issues, we need note only that none of those issues has any relevance to the causes of action set forth in the complaint.

In light of the foregoing, we deem it appropriate to impose a sanction of $1,000 against plaintiff, to be deposited with the clerk of this Court for transmittal to the Commissioner of Taxation and Finance (*see*, 22 NYCRR 130-1.3) and, further, a sanction of $1,000 against plaintiff's counsel, to be deposited with the Lawyer's Fund for Client Protection established pursuant to State Finance Law § 97-t (*see*, 22 NYCRR 130-1.3).

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs. Ordered that defendants' motion for sanctions is granted and sanctions in the amount of $1,000 are imposed against plaintiff and sanctions in the amount of $1,000 are imposed against its counsel, Dienst & Serrins LLP, in each case to be paid within 60 days following the date of this order.