Peters, J. P., Graffeo and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ FIRST DEPOSIT NATIONAL BANK, Respondent, v PAMELA J. VAN ALLEN, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [716 NYS2d 815] —Mercure, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered September 1, 1999, which imposed sanctions against defendant's counsel.

In this action to recover an unpaid credit card balance of $6,635.55, plaintiff asserts causes of action for breach of the credit card agreement, on an account stated and for counsel fees as provided in the underlying agreement. Defendant,

---

**2.** In contrast, although there was ample evidence in the record that many ladders were available on the work site in general which claimant could have called for to assist him in getting to the ground, no specific testimony was elicited establishing that a ladder was available at or near Pier 1 itself.

represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), served an answer that generally denied the allegations of the complaint and asserted as affirmative defenses that plaintiff failed to comply with the requirements of the Truth in Lending Act (15 USC § 1601 *et seq.*) and Personal Property Law article 10. Plaintiff moved for summary judgment for the relief demanded in the complaint, supporting the motion with an affidavit from one of its agents stating that defendant had been sent statements of the account, did not object to them and did not pay the balance, a copy of defendant's application and the account agreement, and copies of the monthly account statements sent to defendant from July 1995 to April 1997. Defendant opposed the motion and cross-moved for leave to amend her answer to state a counterclaim for intentional infliction of emotional distress. In response, plaintiff sought the imposition of sanctions for the needless delay in the resolution of the litigation.

Based upon plaintiff's uncontroverted showing that it was entitled to the amounts demanded in the complaint and concluding that defendant's defense under the Truth in Lending Act was barred by the Statute of Limitations and that Personal Property Law article 10 was not a valid defense to an action to collect money due, County Court granted plaintiff's motion for summary judgment. Further, based upon its finding, among others, that the defenses interposed by defendant were strikingly similar to ones that had been asserted and rejected by County Court in a prior action defended by Capoccia, County Court found reasonable cause to believe that the defenses were undertaken to harass and delay the litigation. Following a hearing conducted on July 13, 1999, County Court concluded that the defenses asserted by defendant were without merit and were presented primarily to delay the resolution of the litigation. It imposed a sanction of $10,000 against Capoccia. Capoccia appeals and we affirm.

Initially, we reject the contention that County Court abused its discretion in imposing sanctions against Capoccia. Pursuant to 22 NYCRR part 130, a court may, in its discretion, award costs or impose sanctions for frivolous conduct in any civil action or proceeding (22 NYCRR 130-1.1 [a]; *see, Matter of Ashley v Delarm,* 234 AD2d 736; *McCue v McCue,* 225 AD2d 975, 977). Conduct is considered frivolous if

"(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

"(2) it is undertaken primarily to delay or prolong the resolu-

tion of the litigation, or to harass or maliciously injure another; or

"(3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]; *see, Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 639).

In determining whether conduct is frivolous, a court should consider such factors as the circumstances under which the conduct took place, the time available for investigating the legal or factual basis of the conduct, and whether the conduct was continued after its lack of legal or factual basis was apparent, should have been apparent or was brought to the attention of the sanctioned party (*see*, 22 NYCRR 130-1.1 [c]; *Mountain Lion Baseball v Gaiman, supra*, at 639; *Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34).

Sanctions may be imposed "either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). In imposing sanctions the court must issue a written decision setting forth the conduct on which the award is based, the reasons why the court found the conduct to be frivolous and the reasons why the court found the amount sanctioned to be appropriate (*see*, 22 NYCRR 130-1.2; *Holloway v Holloway*, 260 AD2d 898, 899; *Hendrickson v Saratoga Harness Racing*, 170 AD2d 719, 721-722). An award of sanctions will not be disturbed absent an abuse of discretion (*see, McCue v McCue, supra*, at 977).

Based upon our review of the record, we conclude that County Court had a legitimate basis for imposing sanctions in this case (*see, Citibank [S.D.] v Coughlin*, 274 AD2d 658; *Citibank [S.D.] v Jones*, 272 AD2d 815, *lv denied* 95 NY2d 764; *see also, Matter of Capoccia*, 272 AD2d 838, *lv dismissed* 95 NY2d 887; *Providian Natl. Bank v McGowan*, 179 Misc 2d 988). Notably, defendant made no effort to controvert the prima facie evidence presented by plaintiff in support of its causes of action, and the defenses asserted by defendant are practically the same as the ones this Court found to have been frivolous in *Citibank (S.D.) v Coughlin* (*supra*) and *Citibank (S.D.) v Jones* (*supra*). In fact, the contentions advanced on appeal are also essentially indistinguishable from the ones that were considered and rejected on appeal in those cases.

Next, we find no error in the procedure that was followed by County Court. Plaintiff satisfied the notice requirements of 22 NYCRR part 130 by requesting sanctions in its reply to defendant's cross motion (*see*, CPLR 2214, 2215; 22 NYCRR 130-1.1 [d]; *Matter of Minister, Elders & Deacons of Refm. Prot.*

*Dutch Church v 198 Broadway*, 76 NY2d 411, 413, n ; *Matter of Stoltz v Stoltz*, 257 AD2d 719, 721, n). The court also permitted oral argument and gave Capoccia an opportunity to address the issue of sanctions even though it was not required to do so as Capoccia already had proper notice that the issue of sanctions was going to be considered (*see*, 22 NYCRR 130-1.1 [d]; *Matter of Lupoli*, 227 AD2d 560, 561; *Grasso v Mathew*, 187 AD2d 758; *Dellafiora v Dellafiora*, 172 AD2d 715). No formal hearing was required since the material facts were not in dispute (*see*, 22 NYCRR 130-1.1 [d]; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway*, *supra*, at 413, n; *Matter of Marsh*, 207 AD2d 749; *Matter of Gordon v Marrone*, 202 AD2d 104, 110-111, *lv denied* 84 NY2d 813; *Grasso v Mathew*, *supra*, at 758). The court also fully explained in writing that it considered the defenses to be frivolous and that they had been raised solely to delay the action, as they were exactly the same as ones that had been previously rejected by the court in an earlier action defended by Capoccia (*see*, 22 NYCRR 130-1.2; *Dellafiora v Dellafiora*, *supra*; *Harley v Druzba*, 169 AD2d 1001, 1003).

The parties' additional contentions have been considered and found to be unavailing.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.