■ FAY M. DE RUZZIO, Respondent, v DANIEL DE RUZZIO, Appellant. In the Matter of FAY M. DE RUZZIO, Respondent, v DANIEL DE RUZZIO, Appellant. [731 NYS2d 775] —Rose, J. Appeals (1) from an order of the Supreme Court (Cobb, J.), entered May 4, 2000 in Columbia County, which, upon reconsideration, *inter alia*, granted plaintiff's motion for sanctions, and (2) from an order of the Family Court of Columbia County (Czajka, J.), entered September 6, 2000, which, in a proceeding pursuant to Family Court Act article 6, granted petitioner's motion for sanctions against respondent and respondent's counsel.

Fay M. De Ruzzio (hereinafter plaintiff) and Daniel De Ruzzio (hereinafter defendant), who were married in 1989 and have three children, have been engaged in Family Court proceedings since early 1998 and a Supreme Court divorce action brought by plaintiff in February 1999. In April 2000, Supreme Court found defendant's motion for reconsideration of an earlier order, which referred issues of child custody and visitation to Family Court, to be frivolous and entirely without merit, and ordered defendant to pay plaintiff $950 for counsel fees expended in opposing the motion. Then, in September 2000, Family Court found that defendant and his counsel engaged in disingenuous conduct and utilized false allegations to obtain and serve an order to show cause seeking, *inter alia*, to restrain plaintiff from vacationing in California with the parties' children. Although the order to show cause was withdrawn on its return date, Family Court ordered defendant to pay plaintiff $1,000 for counsel fees and $200 for costs, and also ordered defendant's counsel to pay $500 to the Lawyers' Fund for Client Protection. Defendant appeals from both orders.

"The authority to impose sanctions or costs is committed to the court's sound discretion and, absent an abuse thereof, we will not disturb such an award" (*McCue v McCue*, 225 AD2d 975, 977 [citations omitted]; *see, First Deposit Natl. Bank v Van Allen*, 277 AD2d 858, 860). Based upon our review of the record here, we conclude that Supreme Court and Family Court had legitimate bases for imposing sanctions and awarding costs (*see; Citibank [S. D.] v Coughlin*, 274 AD2d 658, *lv dismissed* 95 NY2d 916; *see also, Matter of Capoccia*, 272 AD2d 838, *lv dismissed* 95 NY2d 887). Family Court had recently heard and

decided issues of custody and visitation, granting sole legal and residential custody to plaintiff, with supervised visitation to defendant. As no new issue of custody requiring Supreme Court's adjudication was identified on either the initial motion or defendant's motion for reconsideration, we find no abuse of Supreme Court's discretion in awarding costs for a meritless application.

Turning to Family Court's order sanctioning defendant for misuse of an order to show cause, we note first that the purported basis of defendant's request to restrain plaintiff from taking the children to California was that "[t]his trip is in violation of [defendant's] right of supervised visitation under the current orders appended hereto, and contrary to the clear provisions of the said orders that require communication about the education and health of the children." We note also, however, that defendant's counsel conceded at the hearing that visitation was not a "concern" in pursuing the order to show cause and that Family Court's custody orders required no notification of vacations or travel. Thus, Family Court properly concluded that defendant's primary supporting allegations were false and sanctionable.

We have considered defendant's remaining contentions, such as his claim that his conduct could not have been frivolous since Family Court conducted a hearing and asked counsel a number of questions before ordering sanctions, and find them to be wholly without merit, particularly in light of defendant's history of noncompliance with Family Court's directives.

Finally, we note that plaintiff's express request for the imposition of sanctions on this appeal provided defendant sufficient notice that such relief would be considered by this Court and, therefore, defendant was given a reasonable opportunity to be heard on the issue pursuant to 22 NYCRR 130-1.1 (d) (*see, Matter of Jemzura v Mugglin*, 207 AD2d 645, 646, *appeal dismissed* 84 NY2d 977). We note also that this Court has discretion to sanction where it finds that an appeal "is part of a continuing effort" by one party "to harass or maliciously injure" the other party (*Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34; *see, Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 639; *but see, Matter of Garett YY.*, 258 AD2d 702, 704). We find that the present appeals are continuations of the underlying protracted and frivolous litigation pursued by defendant undeterred by the repeated sanctions of incarceration and monetary penalties imposed by Supreme Court and Family Court (*see, Levy v Carol Mgt. Corp.*, *supra*, at 34-35). Defendant's contentions on appeal are not "ultimately unpersuasive, yet good-faith, arguments

requiring our review of existing law" (*id.*, at 35), but, rather, part of a continuing effort to delay the divorce action and harass plaintiff. Accordingly, we will impose sanctions of $500 against defendant and $500 against defendant's counsel.

These amounts are appropriate in light of the history of defendant's frivolous conduct in this protracted litigation, counsel's ill-advised facilitation of defendant's prosecution of these appeals, and the fact that neither defendant nor his counsel have been deterred by the penalties imposed in the past by the trial courts (*see, Matter of Jemzura v Mugglin, supra*, at 647). We note that, pursuant to 22 NYCRR 130-1.3, payment of the sanction against defendant shall be deposited with the Clerk of this Court for transmittal to the Commissioner of Taxation and Finance, while payment of the sanction against defendant's counsel shall be deposited with the Lawyers' Fund for Client Protection.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs, plaintiff's request for sanctions is granted, and sanctions in the amount of $500 each are imposed against defendant and defendant's counsel pursuant to 22 NYCRR 130-1.1.