■ GREGORY F. IRELAND, Appellant, v GEICO CORPORATION, Also Known as GOVERNMENT EMPLOYEES INSURANCE COMPANY, Also Known as GEICO DIRECT, et al., Respondents. [768 NYS2d 508]—

Kane, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered October 17, 2002 in Sullivan County, which, inter alia, denied plaintiff's motion to strike the note of issue.

Numerous discovery disputes arose in this action commenced by plaintiff against defendant GEICO Corporation, his automobile insurer, and defendants Constance M. Sullivan and Dorothy T. Sullivan, the owner and operator of a vehicle which damaged plaintiff's car. Supreme Court disqualified plaintiff's counsel in an August 2001 order. In February 2002, the court denied the majority of plaintiff's requests to compel discovery. In June 2002, the court ruled on more of plaintiff's discovery requests, deemed discovery complete, and directed that a note of issue be filed immediately. Five weeks later, GEICO filed the note of issue because plaintiff had not done so. Plaintiff moved to vacate the note of issue and compel discovery. Defendants opposed the motion and cross-moved for sanctions against plaintiff for frivolous motion practice. In October 2002, the court denied plaintiff's motion, granted the cross motions, and imposed sanctions. The matter subsequently proceeded to trial, resulting in dismissal of the complaint based on plaintiff's failure to prove damages. Plaintiff appeals only from the October 2002 order.

Supreme Court properly denied plaintiff's motion. While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery (*see Simmons v*

*Kemble,* 150 AD2d 986, 987 [1989]; *Bycomp, Inc. v New York Racing Assn.,* 116 AD2d 895 [1986]). To vacate the note of issue, discovery requests must be legitimate and pending (*see Tilden Fin. Corp. v Muffoletto,* 161 AD2d 583 [1990]), not resolved or contrived. Although the discovery issues plaintiff raised had been dealt with in the court's February 2002 and June 2002 orders, which were not appealed, he alternatively couched his motion to strike the note of issue as a motion to reargue those issues.

We will address the discovery arguments that plaintiff raised in his motion and why those issues did not prevent this matter from going to trial. As the trial court is in the best position to assess materiality and necessity during disclosure, it has broad discretion in supervising that process and its determinations will not be disturbed absent an abuse of that discretion (*see Davis v Eddy Cohoes Rehabilitation Ctr.,* 307 AD2d 637 [2003]; *Kozuch v Certified Ambulance Group,* 301 AD2d 840, 841 [2003]). Plaintiff contends that Supreme Court should have compelled defendants to return signed copies of deposition transcripts. This was unnecessary because "[i]f the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed" (CPLR 3116 [a]).

Plaintiff claims that he desired to depose a supervisory GEICO employee. He failed to notice such deposition. Despite his claim that he was waiting until GEICO supplied demanded disclosure materials before noticing further depositions, once Supreme Court ruled that those materials would not be forthcoming, plaintiff was required to notice the depositions or risk losing the opportunity to do so (*see Tilden Fin. Corp. v Muffoletto, supra* [requiring formal outstanding demands to render note of issue improperly filed]). Plaintiff also felt that he had the right to continue his deposition of Dorothy Sullivan. The court did not abuse its discretion in denying this request as the questions that plaintiff intended to ask[1] were not relevant to this property damage action.

Plaintiff further contends that Supreme Court should have compelled GEICO to produce all complaints received by the Insurance Department regarding GEICO's handling of claims for 1999 and 2000, which amount to over 1,250 files. Plaintiff complained that requiring him to go to the City of Albany and

---

1. Some topics about which plaintiff intended to inquire included traffic tickets issued to the witness on previous occasions, the weather conditions at previous accidents involving the witness, whether she suffered physical injuries in this accident and why the witness did not own a car in her own name.

search the Insurance Department's records was too burdensome, as those records were not categorized and he would have to separate all personal injury and ordinary property damage complaints from total loss complaints. GEICO informed plaintiff that there were three complaints for total loss claims during that time period, it supplied two of them, and it informed him that one file was lost, but the name and number of that file was supplied. The Insurance Department had previously informed plaintiff that it could locate a file with proper identifying information. The court properly refused to compel any further production, as GEICO produced demanded materials in its possession, only total loss claim complaints were relevant so plaintiff was not entitled to the files regarding other complaints and, if plaintiff disbelieved GEICO's assertion that only three out of 1,250 files were relevant, he had a method of verifying that by culling through the Insurance Department files. Mere utterances of disbelief are insufficient to warrant the court granting overbroad disclosure. Because there were no valid outstanding disclosure demands, the matter was ready for trial. The court had properly directed the filing of the note of issue and properly refused to strike it.

We similarly uphold Supreme Court's imposition of sanctions, a matter committed to the trial court's sound discretion (*see* 22 NYCRR 130-1.1 [a]; *De Ruzzio v De Ruzzio*, 287 AD2d 896, 896 [2001])[2] Plaintiff's conduct can be characterized as frivolous because it was completely without merit in law and undertaken primarily to delay the resolution of this matter (*see* 22 NYCRR 130-1.1 [c] [2]). All of plaintiff's discovery issues had been previously determined by the court and he did not promptly move to reargue those issues, but waited up to five months to raise them again after the note of issue was filed (*compare De Ruzzio v De Ruzzio, supra*). In his original motion papers, he did not mention that these matters were previously decided and that he was seeking to reargue them. He first mentioned this when he submitted his reply affidavit, after defendants cross-moved for sanctions. In addition, the court had twice directed plaintiff to file a note of issue, the last time being five weeks before GEICO finally filed it. Moving to strike the note of issue after the court ordered its filing was disingenuous. The court explained its reasoning in its decision to impose sanctions, then required defendants to submit proof of their counsel fees related to this

---

2. Sanctions in favor of GEICO are not at issue here. GEICO waived its right to the $252 it was awarded.

motion before fixing the amount of those sanctions[3] (*see First Deposit Natl. Bank v Van Allen*, 277 AD2d 858, 860 [2000]; *Household Bank Region I v Stickles*, 276 AD2d 940, 940 [2000]). Thus, sanctions were properly imposed.

Plaintiff's argument concerning disqualification of his wife as his attorney is not reviewable as he did not appeal the August 2001 order, nor did he appeal the final judgment after trial which would encompass that interlocutory order.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

3. Separate orders specified the amounts determined by Supreme Court as appropriate sanctions owed to each defendant. Plaintiff did not appeal from those orders.