Devine, J.
(concurring in part and dissenting in part). I differ with the majority’s decision only to the extent that it found that Supreme Court abused its discretion in imposing sanctions upon plaintiff. “The authority to impose sanctions or costs is committed to the court’s sound discretion and, absent an abuse thereof, we will not disturb such an award” (De Ruzzio v De Ruzzio, 287 AD2d 896, 896 [2001] [internal quotation marks and citation omitted]; see Ireland v GEICO Corp., 2 AD3d 917, 919 [2003]; First Deposit Natl. Bank v Van Allen, 277 AD2d 858, 859 [2000]). Sanctions may be imposed upon a party if his or her conduct “is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law[,] ... is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another . . . [or] asserts material factual statements that are false” (22 NYCRR 130-1.1 [c]; see Mokay v Mokay, 111 AD3d 1175, 1178 [2013]). Importantly, when determining whether a party has acted frivolously, the court should consider “ ‘whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent’ ” (Navin v Mosquera, 30 AD3d 883, 883 [2006], quoting 22 NYCRR 130-1.1 [c]).
When plaintiff commenced this action, he was well aware that his assertion that he had easement rights to the property was tenuous, and there was no cognizable legal basis for his request that defendants or, alternatively, their attorneys, post a surety bond. Even after his attempts to secure an injunction barring his eviction from the land proved futile, plaintiff pushed ahead with the instant action in such a manner that could reasonably be viewed as an attempt to harass or maliciously injure defendants.
The majority’s decision to reverse the award of sanctions serves to remove one of the few tools that trial courts may utilize to eliminate baseless actions — and the unrelenting motions that often accompany such matters — and control parties who are clearly intent on exploiting our increasingly overburdened judicial resources. Therefore, I would affirm Supreme Court’s order in its entirety.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded sanctions to defendants, and, as so modified, affirmed.