| |
|---|
| **Camas v Cascade 553, LLC** |
| 2025 NY Slip Op 33016(U) |
| July 28, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 525109/2018 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 28th day of July, 2025.

HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------------X

ANGEL CAMAS,

                           Plaintiff,

         -against-

CASCADE 553, LLC and EMPIRE ID CONSTRUCTION CORP,

                       Defendants.
--------------------------------------------------------------------------X

CASCADE 553, LLC and EMPIRE ID CONSTRUCTION CORP,

                 Third-Party Plaintiffs,

         -against-

CAPITAL CONCRETE NY INC.,

                 Third-Party Defendants.
--------------------------------------------------------------------------X

Index No.: 525109/2018

**DECISION & ORDER**
Mot. Seq. Nos. 10, 17, 18, 19

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
|---|---|
| **Mot Seq. 10** | |
| Notice of Motion/Affirmation in Support/Exhibits | 244-263 |
| Affirmation in Opposition | 283 |
| | |
| **Mot Seq. 17** | |
| Notice of Motion/Affirmation in Support/Exhibits | 385-393 |
| Affirmation in Opposition (Capital Concrete) | 448 |
| Affirmation in Opposition (Cascade 553 and Empire ID) | 460 |
| Reply Affirmation | 470 |
| | |
| **Mot Seq. 18** | |
| Notice of Motion/Affirmation in Support | 395-396 |
| Affirmation in Opposition | 405 |
| Reply Affirmation | 431 |
| | |
| **Mot Seq. 19** | |
| Notice of Motion/Affirmation in Support | 410-411 |
| Affirmation in Opposition | 452 |
| Reply Affirmation | 459 |

1

[* 1]

In this action, Angel Camas ("Plaintff") moves (Mot. Seq. No.10) for an order granting leave to renew this Court's decision, dated June 29, 2023, denying Plaintiff's motion for summary judgment pursuant to Labor Law §§ 240 (1) and 241 (6). Defendants and third-party plaintiffs Cascade 553 LLC ("Cascade") and Empire ID Construction Corp ("Empire") (collectively, "Defendants") oppose the motion. Plaintiff also moves (Mot. Seq. No. 17) for an order granting trial preference pursuant to CPLR 3403 (a). Third-party defendant Capital Concrete NY Inc. ("Capital") opposes the motion. Additionally, Capital moves (Mot. Seq. No. 18) for leave to reargue this Court's decision dated March 13, 2025, precluding Capital from producing evidence that Plaintiff was not present at the time of the accident. Upon re-argument, Capital seeks a more narrowly tailored decision allowing it to present witness testimony at trial. Plaintiff opposes this motion. Capital also moves (Mot. Seq. No. 19) to (1) vacate the Note of Issue and Certificate of Readiness and to (2) strike the action from the trial calendar pursuant to 22 NYCRR 202.7. Plaintiff also opposes this motion.

The pending motions arise out of an alleged jobsite accident that occurred on October 8, 2018, at 883 Myrtle Avenue in Kings County, New York. Plaintiff alleges that he suffered injuries due to common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Plaintiff brought suit against Cascade and Empire with a summons and complaint dated December 13, 2018. Cascade and Empire commenced a third-party action against Capital as a third-party defendant with a summons and complaint dated April 23, 2019. A Note of Issue was filed on April 12, 2022. On April 18, 2024, the Note of Issue was vacated by Judge Fisher to enable further discovery. Now, the Court will address motion sequence 10 followed by motion sequences 17 – 19.

In support of his motion to renew (Mot. Seq. No. 10), Plaintiff asserts that the Court denied his motion for summary judgment by finding a triable issue of fact regarding whether Plaintiff was employed within the meaning of Labor Law at the time of the accident. Plaintiff claims that newly discovered evidence resolves the factual issue of his presence or absence at the time of the alleged accident in his favor. Plaintiff submits depositions from Gunter Hassler, Leonardo Paredes, and Fernando Game, co-workers who testified that they (a) were at the jobsite on the subject date, (b) can identify Plaintiff, and (c) rushed to help Plaintiff up after his fall on October 8, 2018. Moreover, Plaintiff argues that a newly submitted accident report and ambulance report corroborate his narrative. Plaintiff blames Capital's failure to disclose eyewitness employees, their denial of the existence of any accident reports, and their failure to identify the on-site supervisor in the initial round of discovery, for not introducing this evidence with the first motion.

In opposition to Plaintiff's motion, Defendants note that the accident report was previously considered by the Court in its initial decision, so it should not be considered as new evidence on a

2

[* 2]

motion to renew. Defendants also aver that Plaintiff provides no reason to justify why it previously failed to bring the ambulance report and produce these new witnesses. Defendants further argue that even if the Court were to consider these new pieces of evidence, they serve to complicate, not resolve, the factual disputes. In particular, Defendants argue that Plaintiff's lateness in introducing the newly identified witnesses creates new factual questions about their credibility.

Third-party defendant Capital's motion to reargue (Mot. Seq. No. 18) is based on the Court's March 13, 2025, preclusion order (the "preclusion order") arising from Plaintiff's motion to preclude on the grounds that Capital failed to produce (i) its principal Moses Kahan for a deposition and (ii) the safety meeting sign-in sheets from the morning of the alleged accident. In partially granting Plaintiff's motion, the Court precluded Capital's foreman or other witnesses from testifying or producing evidence at trial that Plaintiff was not present at the jobsite on the day of the accident.

Since the preclusion order was granted in response to Capital's failure to produce safety meeting sign in sheets in response to Plaintiff's demand for documentary attendance records, Capital argues that it should only be precluded from producing other documentary evidence regarding Plaintiff's attendance, such as the electronic timesheet from October 8, 2018. Rather than just precluding Capital from introducing documentary evidence, the Court precluded it from introducing any evidence suggesting that Plaintiff was not at the jobsite at the time of the alleged accident, including witness testimony. In doing so, Capital argues that the Court improperly conflated the documentary attendance records with eyewitness testimony. Capital contends that their eyewitness testimony from supervisor Ulfred Patino ("Patino") was firsthand and unrelated to any documentary evidence. Thus, Capital claims that there is no reason to exclude it. Patino testified that he never saw Plaintiff at the jobsite the day of the alleged accident, that Patino previously knew Plaintiff, and that he remembered the day well because it was supposed to be Plaintiff's first day. Capital indicates that Plaintiff will produce witnesses addressing Plaintiff's presence or lack thereof at the jobsite. Thus, Capital claims that it is being unfairly penalized by being restricted from producing their own competing testimony.

In opposition, Plaintiff argues that Capital is improperly seeking to relitigate issues already decided before this Court. Plaintiff also notes that the order was granted not just in response to Capital's failure to produce the sign in sheets but also its failure to produce its principal, Moses Kahan. Additionally, Plaintiff argues that Capital's failure to produce the sign in sheets warranted the preclusion of Capital's eyewitness because the sign in sheets, if produced, would establish or refute the veracity of Patino's testimony.

3

[* 3]

In reply, Capital contends that Plaintiff did not address its argument separating Patino's firsthand testimony from Capital's timekeeping records. Capital also argued that Plaintiff's three new eyewitnesses are not credible and reemphasized its belief that it would be unfair to prevent it from offering conflicting testimony.

The decision to grant leave to renew or reargue is at the sound discretion of the Court (*see Rodney v New York Pyrotechnic Prod. Co.*, 112 AD2d 410, 411 [2d Dept 1985] [internal citation omitted]; *Gold v Gold*, 53 AD3d 485, 487 [2d Dept 2008]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). "On a motion to renew, a party must show new facts to supports its motion, as well as a justifiable excuse for not initially placing such facts before the Court" (*Lansing Research Corp. v Sybron Corp.*, 142 AD2d 816, 819 [3d Dept 1988] citing *Foley v Roche*, 68 AD2d 558 [1st Dept 1979]). Upon the Court's review of the merits of the movant's arguments, the motion for reargument is essentially granted (*see McNamara v Rockland Cnty. Patrolmen's Benevolent Ass'n., Inc.*, 302 AD2d 435, 436 [2d Dept 2003]). A motion for leave to reargue is "not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [2d Dept 1999] [internal citations omitted]).

Regarding Plaintiff's motion to renew his summary judgment motion (Mot. Seq. No. 10), Plaintiff's alleged new evidence is unavailing. First, since the so called "accident report" was previously submitted and considered by the Court, it does not constitute "new facts."[1] Second, while the ambulance report may constitute a new fact, Plaintiff failed to provide a justifiable excuse for not including it with his initial motion. Even if the Court were to consider it, it would not change the Court's determination since the report does not corroborate Plaintiff's claim that he was injured at the jobsite. The ambulance picked Plaintiff up at his house the day following the accident. Details about the accident contained in the ambulance record are merely a report of what Plaintiff related to medical personnel. The Court now turns to the deposition testimonies of Plaintiff's co-workers, whom Plaintiff was allegedly unable to previously identify. While the co-workers state that Plaintiff was at the jobsite, their testimonies create additional issues of fact. None of them claim to have known Plaintiff

---

[1] In its original motion, Plaintiff filed Workers' Compensation Board records but referred to them as an accident report. Assuming arguendo that these records constituted "new facts," the Court finds this evidence minimally persuasive since it was created well after the incident by an unknown author for insurance purposes and merely denotes that an accident occurred with minimal details.

4

[* 4]

personally. In fact, they identified Plaintiff based on their memory of the day of the alleged accident and Plaintiff's New York Learner's Permit ID photo. Defendants maintain that Plaintiff was not present when the alleged accident occurred. Patino testified that Plaintiff was not at the morning safety meeting and Capital's policy dictates that employees cannot work on days that they are late. In addition, there was no actual accident report filed documenting an accident. Credibility questions surrounding Plaintiff's new eyewitnesses combined with Defendant's competing version of events create issues of fact. Accordingly, Plaintiff's motion to renew is granted with regards to the new eyewitness testimony, and upon renewal, the Court adheres to its original decision.

With respect to Capital's motion to reargue this Court's preclusion order (Mot. Seq. No. 18), the Court notes that Patino's testimony alone is not sufficient to establish that Plaintiff was not present at the time of the accident. Patino was not at the jobsite when the alleged accident occurred. Rather, Patino's testimony is limited to the morning safety meeting. His testimony is intimately related to the sign-in sheets from that meeting which were not produced, a failure that led to this court's preclusion order. Therefore, it must also be precluded. Accordingly, Capital's motion to reargue the court's decision dated March 13, 2025, is granted and upon reargument the Court adheres to its original decision.

In support of his motion for a trial preference (Mot. Seq. No. 17), Plaintiff stresses that this case was poised for trial before the Note of Issue was vacated. According to Plaintiff, by failing to abide by court orders, Capital necessitated the need for more discovery. Therefore, Plaintiff declares it would be unjust to punish him with further delay. In opposition, Capital argues that Plaintiff was the party who asked for the Note of Issue to be vacated and therefore, Plaintiff is responsible for the delay. Moreover, Capital contends that Plaintiff failed to address any specific provision of CPLR 3403 which would entitle him to a trial preference, such as being elderly or terminally ill. However, Plaintiff asserts that a law clerk in a different part promised this case would be given special trial preference. The Court reached out to verify this assertion but there was no written record or recollection of this alleged promise. Accordingly, Plaintiff's motion for trial preference is denied.

Lastly, in support of its motion to vacate (Mot. Seq. No. 19), Capital notes that Plaintiff will rely heavily on the eyewitness statements of Parades, Game, and Hessler at trial. Capital avers that it has not had a chance to fully depose these eyewitnesses, nor obtain information as to the circumstances in which they were identified. Capital also brings attention to the credibility issues raised by the fact that the eyewitnesses were identified by Plaintiff's attorney several years after this action was commenced. Moreover, Capital highlights that the witnesses did not know Plaintff before the accident and they identified Plaintiff for this lawsuit based only on a photocopy of his New York State Learner's

5

permit. Capital insists on the need for further deposition and its need to retrieve Plaintiff's attorneys' records regarding the sudden identification of these witnesses, which Capital has no way to obtain outside of discovery.

In opposition, Plaintiff states that the three witnesses at issue were known to Capital since 2023 and deposed in 2024, yet it never made any supplemental demands nor any other reference to these witnesses until this motion, one day after the Note of Issue was filed. Plaintiff argues that Capital's motion is a merely an unmeritorious attempt to delay trial. In reply, Capital argues that they were only made aware of these witnesses in February 2024. Capital reemphasizes that the depositions were not completed, quoting from Parades' deposition: "The deposition is open. We have not completed the deposition" (Paredes tr. at 151, lines 20-22). Capital also quoted from Game's deposition: "Okay. So Mr. Game, what we're going to do is leave your record open, since it's not completed, the nonparty deposition is not completed for today" (Game tr. at 105 lines 19-22). Moreover, Capital argues since it has moved to vacate the Note of Issue within 20 days after its service it need not demonstrate "good cause" but only that the matter is not ready for trial, under 22 NYCRR 202.21 (e). Nonetheless, Capital claims their need to finish depositions and obtain information regarding how the witnesses were identified meets this "good cause standard."

"A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a material fact, and where that statement is incorrect, the Note of Issue should be vacated" (*Cioffi v S.M. Foods, Inc.,* 178 AD3d 1003 [2d Dept 2019], citing *Barrett v New York City Health & Hosps. Corp.,* 150 AD3d 949, 951-952, 55 NYS3d 318 [2017]). "[T]o vacate [a] note of issue, discovery requests must be 'legitimate and pending,' and 'not resolved or contrived'" (*Jablonsky v Nerlich,* 189 AD3d 1561 [2d Dept 2020] citing *Ireland v GEICO Corp.,* 2 AD3d 917, 918, 768 NYS2d 508 [2003], *Tilden Fin. Corp. v Muffoletto,* 161 AD2d 583, 583-584 [2d Dept 1990]).

Here, Capital is requesting more time to prepare this case for trial. Given the importance of Plaintiff's eyewitnesses, their relatively recent introduction, and Defendant's unfinished depositions, Defendant's request to complete discovery is legitimate. Not enough time has passed for Defendant to have waived its right to discovery. However, this trial has already been delayed long enough, and Defendant's discovery needs are limited. Therefore, the Note of Issue will not be vacated. Plaintiff is directed to turn over all documents related to how he located his eyewitnesses within 20 days of the entry of this decision. Defendant must complete the open depositions of eyewitnesses Paredes and Game within 40 days of receiving these documents.[2]

---

[2] The deposition of Gunter Hassler was not held open.

[* 6]

Accordingly, Capital's motion to vacate the Note of Issue and Certificate of Readiness (Mot. Seq. No. 19) is granted.

Accordingly, it is hereby

ORDERED that Plaintiff's motion to renew this Court's decision dated June 29, 2023 (Mot. Seq. No. 10) is granted insofar as the new eyewitness testimonies are new evidence and upon renewal, the court adheres to its original decision; and it is further

ORDERED that Plaintiff's motion to seek trial preference (Mot. Seq. No. 17) is denied in its entirety; and it is further

ORDERED that Capital's motion to reargue the Court's decision dated March 13, 2025 (Mot. Seq. No. 18) is granted and upon reargument, the Court adheres to its original decision; and it is further

ORDERED that Capital's motion to vacate the Note of Issue and Certificate of Readiness (Mot. Seq. No. 19) is denied; and it is further

ORDERED that Plaintiff is directed to turn over all documents related to how he located his eyewitnesses within 20 days of the entry of this decision. Defendant must complete the open depositions of eyewitnesses Paredes and Game within 40 days of receiving these documents.

All other issues not addressed herein are either without merit or moot.

This constitutes the decision and order of the Court.

_____

HON. INGRID JOSEPH, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

[* 7]